James M. PORRO, An Individual, Appellant, Appellant,

v.

CENTURY III ASSOCIATES, a Pennsylvania Joint Venture, d/b/a Century III Mall, Debartolo Realty Business Trust, a Pennsylvania Business Trust, Simon Debartolo Group, L.P., a Delaware Limited Partnership, SD Property Group, Inc., an Ohio Corporation, Simon Property Group, L.P., a Limited Partnership and Southeast Service Corporation, a Corporation, d/b/a S.S.C. Service Solutions, Appellee.

Superior Court of Pennsylvania.

Argued March 17, 2004.

Filed April 6, 2004.

Monte J. Rabner, Pittsburgh, for appellant.

Ansley S. Westbrook II, Pittsburgh, for appellees.

Before: KLEIN, BENDER, and JOHNSON, JJ.

OPINION BY BENDER, J.:

¶ 1 This is an appeal filed by James M. Porro (Appellant) from an order which granted Appellees' motion for summary judgment and dismissed Appellant's complaint with prejudice. We affirm.

¶ 2 The case arises from Appellant's fall on a staircase located on Appellees' property known as Century III Mall. Appellant claims that a slippery substance had accumulated on the staircase which caused him to slip and fall and sustain injuries.

¶ 3 The fall in question occurred on March 26, 1998. Appellant filed an amended complaint against the Appellees on March 24, 2000. Appellant's deposition was taken on April 16, 2001. In his deposition, Appellant stated the substance which caused his fall was a liquid soapy type of cleaner and that he had no idea how long the substance had been on the stairs prior to his fall.

¶ 4 On March 18, 2002, Appellees filed a motion for summary judgment, arguing that the Appellant had failed to produce any evidence or testimony to establish that: (1) the allegedly dangerous condition was the result of the direct negligence of an employee of Appellees, (2) the property owner had actual notice of the dangerous condition, or (3) the condition existed for such a length of time that in the exercise of reasonable care the owner should have known of it. At oral argument before the trial court on the motion for summary judgment, Appellant requested additional time to conduct discovery with regard to the notice issue. The trial court denied Appellees' motion for summary judgment without prejudice, giving Appellant time to conduct additional discovery and permitting Appellees to refile their motion for summary judgment in the future.

¶ 5 Nothing further occurred until Appellees placed the case at issue on October 24, 2002. Then on January 17, 2003, Appellant directed written discovery to Appellees to which Appellees responded. However, on March 3, 2003, Appellees refiled their motion for summary judgment. Appellant claims that Appellees filed only partial, incomplete and evasive replies to his discovery request, but Appellant filed no additional discovery requests, no notice of any depositions, or any motions to compel additional responses. Therefore, the trial court granted Appellees' motion for summary judgment.

¶ 6 Appellant filed his appeal in this Court on May 21, 2003. On October 20, 2003, Appellant filed his brief but failed to file a reproduced record at that time. *See* Pa.R.A.P. 2186 (providing that "reproduced record shall be served and filed not later than: (1) the date of service of the

appellant's brief. . . ."). On November 19, 2003, Appellees filed their brief and a supplemental reproduced record due to Appellant's failure to file a reproduced record.

¶ 7 On January 30, 2004, because Appellant had not yet filed a reproduced record, Appellees submitted an application to quash the appeal due to Appellant's failure to file a reproduced record. Since Appellant offered no explanation for his failure to file the reproduced record, this court quashed the appeal by order entered on February 25, 2004. Fortuitously for Appellant, he had filed his reproduced record one day prior to the entry of this Court's order. Then on March 8, 2004, Appellant filed a motion to vacate the quashal order. The motion was deferred until oral argument. With great hesitancy, we now vacate the quashal order.

¶ 8 Appellant's reproduced record was due October 20, 2003, the date his brief was filed, to allow all parties to cite to the reproduced record in their respective briefs. Appellees were forced to file their own reproduced record because of Appellant's failure. At oral argument before this Court, Appellant simply stated he forgot to file the reproduced record. One would think the filing of the motion to quash by Appellees would have jogged Appellant's memory. Nevertheless, we now vacate the quashal order and proceed to address the merits of Appellant's appeal. We would, however, admonish Appellant for his failure to file the reproduced record until such a late date. There are reasons for our appellate rules and when the rules are so blatantly ignored, as they were in this case, appeals will be quashed.

¶ 9 When considering appeals in a case where the trial court has granted a motion for summary judgment, we are guided by the following:

As an appellate court, we are bound to consider certain principles when and under what circumstances a trial court may properly enter summary judgment. The trial court must accept as true all well-pleaded facts relevant to the issues in the non-moving part's pleadings, and give to him the benefit of all reasonable inferences to be drawn there from. A grant of summary judgment is proper where the pleadings, depositions, answers to interrogatories, admissions of record and affidavits on file support the court's conclusion[,] no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. The court must ignore controverted facts contained in the pleadings and restrict its review to material filed in support of and in opposition to a motion for summary judgment and to those allegations in pleadings which are uncontroverted. We will overturn a trial court's entry of summary judgment only if there has been an error of law or a clear abuse of discretion.

*Millard v. Osborne*, 416 Pa.Super. 475, 611 A.2d 715, 717 (1992) (citations omitted).

¶ 10 Appellant first argues that:

THE TRIAL COURT ERRED IN GRANTING APPELLES' MOTION FOR SUMMARY JUDGMENT WHERE THE APPELLEES FAILED TO COMPLY WITH THE REQUIREMENTS OF DISCOVERY AND DISCOVER[Y] IN THE MATTER WAS CONTINUING RENDERING THE GRANTING OF SUCH MOTION PREMATURE.

Appellant's brief at 6.

¶ 11 In making this argument Appellant fails to recollect the procedural history of this case. On March 18, 2002, Appellees filed their first motion for summary judgment. This was four years after Appellant's fall and two years after the lawsuit was filed. One must ask when Appellant was planning to develop his case. Even given the time since the incident, the trial

court judiciously granted Appellant more time for discovery. Appellant waited until January 17, 2003 to file written discovery. In the meantime, Appellees put the case at issue. Appellant never took a deposition. Appellant never filed a motion to compel Appellees to file more specific responses to his discovery. Appellant never requested more time to conduct further discovery until Appellees filed their second motion for summary judgment. The trial court addressed this issue in its opinion, stating:

The case was placed at issue on October 24, 2002. Plaintiff did not file any interrogatories or requests for production of documents until January 17, 2003. Defendants responded on March 28, 2003. To date, plaintiff has not served any notices of deposition upon defendants.

Trial Court Opinion (T.C.O.), 8/18/03, at 2. The trial court went on to state:

Summary judgment was originally denied because plaintiff wanted more time for discovery. Inexplicably, however, plaintiff waited over seven months from the denial of summary judgment (and almost three years from the filing of his amended complaint) to begin discovery. Even though plaintiff alleges that defendants are improperly withholding discovery, he has not sought court intervention since defendants responded to his discovery requests on March 28, 2003. Plaintiff explains neither how defendants have specifically evaded their duty to provide discovery, nor how this information sought would help him. No request to extend discovery has been made. In short, plaintiff has shown neither materiality nor due diligence with respect to such information, as required by *Kerns v. Methodist Hospital,* 393 Pa.Super. 533, 574 A.2d 1068 (1990).

T.C.O. at 6. We can find no abuse of discretion in the trial courts handling of this matter. Appellant was given addition-

al time and he failed to take necessary action. The trial court's order granting summary judgment was dated April 24, 2003, over five years after Appellant fell in the mall. We conclude that Appellant's argument has no merit.

■ ¶ 12 Appellant alternatively argues that:

THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHERE IT GRANTED SUMMARY JUDGMENT WHEN THE RECORD ESTABLISHED THAT GENUINE ISSUES OF MATERIAL FACT EXISTED.

Appellant's brief at 12. In response to this argument, the trial court set forth the following:

The Restatement (Second) of Torts § 343 provides that:

A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he

(a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and

(b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and

(c) fails to exercise reasonable care to protect them against the danger.

In determining whether a store had notice of the harmful condition, the following principles apply:

[I]f the harmful transitory condition is traceable to the possessor or his agent's acts, (that is, a condition created by the possessor or those under his authority), then the plaintiff need not prove any notice in order to hold the possessor accountable for the resulting harm. In

a related context, where the condition is one which the owner knows has frequently recurred, the jury may properly find that the owner had actual notice of the condition, thereby obviating additional proof by the invitee that the owner had constructive notice of it. Where however, the evidence indicated that the transitory condition is traceable to persons other than those for whom the owner is, strictly speaking, ordinarily accountable, the jury may not consider the owner's ultimate liability in the absence of other evidence which tends to prove that the owner had actual notice of the condition or that the condition existed for such a length of time that in the exercise of reasonable care the owner should have known of it.

*Myers v. Penn Traffic Co.*, 414 Pa.Super. 181, 186, 606 A.2d 926, 929 (1992). Plaintiff has not established facts sufficient to impose liability upon defendants. He admitted in his deposition he does not know how long the substance he slipped on was present on the stairs. Moreover, the nature of the substance does not establish that any of defendants' employees spilled the substance or that they should have been aware of its presence.

T.C.O. at 3, 4, and 5.

¶ 13 We find no error in the trial court's statement of the law or its application of the law to the facts. Appellant in his brief to this Court fails to point out any evidence which would defeat the motion for summary judgment.[1] Accordingly, we conclude that the trial court properly found that Appellant's claim was without merit and we affirm the court's order granting Appellees' motion for summary judgment on the basis set forth in the trial court's opinion.

¶ 14 Order affirmed. Order quashing appeal vacated.

---

1. At oral argument, Appellant contended that in addition to the substance on the stairs, there was a problem with the lighting. This lighting condition was not argued to the trial court. It is well settled that issues may not be raised for the first time on appeal. Pa.R.A.P. 302(a). Thus, the lighting issue is waived.