J-S03040-17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| KEY BELLEVILLES, INC., A PENNSYLVANIA CORPORATION | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| FRANK E. BALLINA, AN INDIVIDUAL; WILLIAM S. FIORINA, AN INDIVIDUAL; AND BELLEVILLE INTERNATIONAL, LLC, A PENNSYLVANIA LIMITED LIABILITY COMPANY | : | |
| | : | |
| Appellees | : | No. 1200 WDA 2016 |

Appeal from the Judgment Entered July 15, 2016 in the
Court of Common Pleas of Westmoreland County
Civil Division at No(s): 07-CI 01380

BEFORE:  OLSON, SOLANO, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:              **FILED APRIL 11, 2017**

Key Bellevilles, Inc. (KB)[1] appeals from the July 15, 2016 judgment entered in favor of Frank Ballina (Ballina) and Belleville International, LLC (BI) (collectively, Appellees).[2]  Specifically, KB challenges, *inter alia*, the trial

---

[1] On March 14, 2017, KB's counsel, Daniel B. Pagliari, Esquire, filed a motion seeking *pro hac vice* admission for Robert F. Ware, Esquire so that Attorney Ware may represent KB as co-counsel in this appeal.  We grant this request.

[2] Defendant William S. Fiorina (Fiorina) did not file or join any of the motions for summary judgment.  All claims against Fiorina were dismissed via order dated July 15, 2016.  Order, 7/15/2016.  Fiorina has not filed a notice of appeal or a participant's brief.

---

* Retired Senior Judge assigned to the Superior Court.

court's August 12, 2014 order[3] granting BI's motion for summary judgment and the December 11, 2014 order granting Ballina's motion for summary judgment. We vacate the judgment, reverse the August 12, 2014 and December 11, 2014 orders, and remand for proceedings consistent with this memorandum.

KB and BI are small manufacturers of "belleville washers." In late December 2006, a group of employees (including Ballina and Fiorina) left the employment of KB and joined BI, a newly-established company. Trial Court Opinion (TCO), 8/12/2014, at 1.

In February 2007, KB filed its initial complaint. After a series of preliminary objections and various discovery disputes, KB filed its third amended complaint on September 8, 2008. KB alleged therein that it possessed legally-protectable trade secrets and BI used KB's trade secrets to develop BI's business plan, steal KB customers, obtain financing, and lure away KB employees. *Id*. at 2. KB stated causes of action against BI for intentional interference with KB's prospective contractual relations with its existing and prospective customers, intentional interference with KB's contractual relations with its employees, including Ballina and Fiorina, and misappropriation of trade secrets. Third Amended Complaint, 9/8/2008, at ¶¶ 129-159. KB alleged causes of action against Ballina for breach of contract due to his purported violation of restrictive covenants contained in

---

[3] The order is dated August 7, 2014, but was not entered onto the docket until August 12, 2014.

- 2 -

his employment agreement with KB, breach of the implied covenant of good faith and fair dealing, and violation of the Uniform Trade Secrets Act, 12 Pa.C.S. §§ 5301-5308. Third Amended Complaint, 9/8/2008, at ¶¶ 29-48, 81-84, 95-103.

The parties engaged in discovery for close to three years, including various disputes requiring court intervention, before BI and Ballina each moved for summary judgment in 2011. On November 17, 2011, the trial court granted Appellees' motions for summary judgment regarding KB's request for a permanent injunction, holding that KB was not entitled to permanent injunctive relief at that point because BI had "sat on its rights."[4] TCO, 11/17/2011, at 4. The trial court denied Appellees' motions for summary judgment in all other respects.

Specifically, the trial court found there were several issues of material fact precluding summary judgment, including whether KB could prove it was damaged by BI's alleged tortious interference with contractual relations as opposed to general economic considerations or KB's own performance issues. *Id.* at 5. The trial court also declined to grant summary judgment based on KB's failure to produce evidence of its damages, noting that KB had "repeatedly informed BI that damages calculations and testimony will be presented by an expert witness" and discovery was not yet closed. *Id.* at 6. Notably, the trial court did not impose a deadline for discovery.

---

[4] KB does not contest the November 17, 2011 order on appeal. *See* Notice of Appeal, 7/29/2016.

After the trial court's summary judgment ruling, KB did not serve additional discovery or produce an expert report or any other evidence of its alleged damages. For over two years, other than BI's ninth set of interrogatories and requests for production of documents in early 2012 and KB's response thereto, none of the parties engaged in discovery or filed a certificate of readiness for trial pursuant to Westmoreland County R.C.P. W212.1.

On March 7, 2014, BI filed what it styled a "renewed" motion for summary judgment. Ballina joined this motion on April 4, 2014. Appellees argued that since KB did not produce an expert report, summary judgment was appropriate because KB could not prove an essential element of its claims. BI's Renewed Motion for Summary Judgment, 3/7/2014, at 10-12. KB opposed the motion, arguing that it did not produce an expert report because BI refused to supplement its financial data and discovery was not complete.[5] KB's Opposition to BI's Renewed Motion for Summary Judgment (KB's Opposition), 4/4/2014, at ¶ 44; KB's Brief in Support of KB's Opposition, 4/4/2014, at 7. During oral argument regarding the motion, KB advised the trial court "that although its expert report had not been produced in the past 26 months, its production would occur soon." TCO, 8/12/2014, at 4.

---

[5] KB never sought to compel BI to produce this information.

- 4 -

On May 1, 2014, two days after oral argument, KB finally served its expert report. *See* KB's Proof of Service of KB's Response to Defendants' Requests for Production of Expert Damages Report, 5/1/2014.[6] On July 30, 2014, KB filed a certificate of readiness for trial pursuant to Rule W212.1.

In an order entered August 12, 2014, the trial court granted BI's motion for summary judgment.[7] According to the trial court, KB offered "no satisfactory explanation" as to why it did not produce the expert report in the 26 months between the November 2011 order and the filing of the renewed motion for summary judgment. TCO, 8/12/2014, at 4. The trial court noted that the "very issue of the failure of evidence to satisfy the element of damages [was] the subject of a summary judgment motion over two years prior," but KB failed to produce an expert report or other evidence to prove the damages it allegedly sustained.[8] *Id.* The trial court concluded

---

[6] The docket indicates KB filed the proof of service with the prothonotary of the trial court on May 5, 2014. KB notified the trial court judge before whom the summary judgment motions were pending that it had served the expert report. *See* Exhibit 6 to KB's Motion to Reconsider the August 12, 2014 Order. Neither the Appellees nor the trial court dispute KB's service of the expert report on May 1, 2014 nor argue the expert report was insufficient to defeat summary judgment. *See* Order, 12/10/2014, at 1; BI's Brief, at 10; Ballina's Brief, at 11-12.

[7] The trial court inadvertently did not mention Ballina's joinder in BI's motion in its August 7, 2014 order. Upon Ballina's request for reconsideration, the trial court granted Ballina's motion for summary judgment regarding damages, stating its August 7, 2014 order contained a typographical error and it had intended to include Ballina in that order. Order, 12/10/2014.

[8] In its August 12, 2014 opinion, the trial court did not address KB's submission of its expert report subsequent to the oral argument.

that it would not "permit the case to endlessly linger on the basis that, despite the passage of over two years since moving for summary judgment on the same issue, discovery is not yet complete." *Id*.

KB timely filed a motion for reconsideration, arguing Rule 1035.2(2) only permits the entry of summary judgment after discovery has closed, and claiming despite delays, discovery never closed. KB's Motion to Reconsider August 12, 2014 Order, 9/3/2014, at ¶¶ 28-29. KB also pointed to the submission of its expert report two days after oral argument as an additional basis for reconsideration. *Id.* at ¶¶ 20, 37.

On December 10, 2014, the trial court denied KB's motion. Regarding KB's assertion that discovery had not closed, the court relied upon ***Porro v. Century III Associates***, 846 A.2d 1282 (Pa. Super. 2004), for the proposition that a party may not defeat summary judgment when discovery is prolonged due to a lack of due diligence. TCO, 12/10/2014, at 1. The trial court also declined to reverse its prior ruling due to KB's delayed submission of the expert report. According to the trial court, Pa.R.C.P. 1035.3(a) required KB to identify evidence in the record establishing the facts essential to its cause of action or to supplement the record with such facts within thirty days of Appellees' summary judgment motions. *Id.* The trial court stated if it nullified the time period in the rule, it would cause unfairness to Appellees. *Id.* at 2.

On August 27, 2015, the trial court issued an order to clarify that the only claims remaining were equitable claims against Fiorina and Ballina seeking return of customer lists. Order, 8/27/2015. On July 15, 2016, the trial court entered two orders, one granting the parties' joint motion to discontinue KB's remaining claims, Order of Discontinuance Without Prejudice, 7/15/2016, and one entering final judgment "in accordance with its prior orders." Entry of Final Judgment, 7/15/2016, at 2.

This timely-filed appeal followed.[9] KB raises the following issues on appeal, which we have reordered for ease of disposition.

1. Did the trial court err as a matter of law in entering summary judgment based on [KB's] failure to support its claim for damages with a timely expert report where discovery in this case had not been closed, and no order or deadline had been entered for the submission of expert reports[?]

2. Did the trial court abuse its discretion in refusing to consider [KB's] expert report, which was served before the close of discovery, two days after oral argument on [Appellees'] renewed motions for summary judgment, and more than three months before the trial court's summary judgment decision[?]

3. Did the trial court err as a matter of law in entering summary judgment based on [KB's] failure to submit a timely expert report quantifying damages where [KB] submitted evidence independent of its expert report from which a jury could ascertain the amount of [KB's] damages with reasonable certainty[?]

_____

[9] The trial court did not order KB to file a concise statement of matters complained of on appeal. In lieu of drafting an opinion pursuant to Pa.R.A.P. 1925, the trial court issued an order listing the pertinent orders in which its reasoning was set forth. Order, 8/25/2016.

4. Did the trial court err as a matter of law by violating the rule of coordinate jurisdiction in entering summary judgment on [Appellees'] renewed motions for summary judgment because the prior trial court denied [Appellees'] motions for summary judgment on the element of damages[?]

5. Did the trial court err as a matter of law in entering summary judgment based on [KB's] failure to support its claim for damages on its claims for tortious interference and misappropriation of trade secrets where the trial court's order addressed only the tortious interference claims and did not consider whether the evidence was sufficient to raise a genuine issue of material fact as to damages on the claim for misappropriation of trade secrets[?]

KB's Brief at 6-7.

We consider KB's issues mindful of the following.

Our standard of review on an appeal from the grant of a motion for summary judgment is well-settled. A reviewing court may disturb the order of the trial court only where it is established that the court committed an error of law or abused its discretion. As with all questions of law, our review is plenary.

***Krauss v. Trane U.S. Inc.***, 104 A.3d 556, 562-63 (Pa. Super. 2014)

(citations omitted).

We view the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. Only where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to a judgment as a matter of law will summary judgment be entered.

Motions for summary judgment necessarily and directly implicate the plaintiff's proof of the elements of [its] cause of action. Summary judgment is proper if, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to

the cause of action or defense which in a jury trial would require the issues to be submitted to a jury. Thus, a record that supports summary judgment will either (1) show the material facts are undisputed or (2) contain insufficient evidence of facts to make out a *prima facie* cause of action or defense and, therefore, there is no issue to be submitted to the jury.

*H & R Block E. Tax Servs., Inc. v. Zarilla*, 69 A.3d 246, 248–49 (Pa. Super. 2013) (citations omitted).

KB argues that the trial court erred as a matter of law by entering summary judgment because discovery was not closed, rendering Appellees' motions premature. KB's Brief, 11/7/2016, at 33-35, 38. KB contends Appellees based their summary judgment motions upon KB's alleged failure to prove an element of its claims (*i.e.*, that KB suffered damages as a result of Appellees' conduct) and Pa.R.C.P. 1035.2(2) does not permit parties to file for summary judgment on this basis prior to the close of discovery. *Id.* at 34. Furthermore, KB notes it did produce an expert report prior to the trial court's ruling on Appellees' summary judgment motions, *id.* at 44-45, but contends even without the expert report there was sufficient evidence of damages in the record to withstand summary judgment. *Id.* at 24-33.

We find the plain language of Rule 1035.2 to be instructive.

After the relevant pleadings are closed, but within such time as not to unreasonably delay trial, any party may move for summary judgment in whole or in part as a matter of law

(1) whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report, or

- 9 -

> (2) if, **after the completion of discovery relevant to the motion, including the production of expert reports,** an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury.

Pa.R.C.P. 1035.2 (emphasis added).

The comments to the rule elaborate upon the proper timing for a motion for summary judgment where it is alleged that the non-moving party has not produced evidence of facts essential to the cause of action.

> Special note should be taken of the requirement under Rule 1035.2(2) that the motion be made after completion of discovery relevant to the motion, including the production of expert reports. While Rule 1035.2(2) is prefaced with the statement that any party may file a motion after the relevant pleadings have closed, the adverse party must be given adequate time to develop the case and the motion will be premature if filed before the adverse party has completed discovery relevant to the motion. **The purpose of the rule is to eliminate cases prior to trial where a party cannot make out a claim or a defense after relevant discovery has been completed; the intent is not to eliminate meritorious claims prematurely before relevant discovery has been completed.**
>
> The timing of the motion is important. Under Rule 1035.2(1), the motion is brought when there is "no genuine issue of any material fact ... which could be established by additional discovery or expert report." Under Rule 1035.2(2), the motion is brought "after the completion of discovery relevant to the motion."

Pa.R.C.P. 1035.2, Explanatory Comment – 1996 (emphasis added).

While a plaintiff "must state a *prima facie* case **before** he will be allowed to proceed to trial," ***Eaddy v. Hamaty, Jr.***, 694 A.2d 639, 643 (Pa. Super. 1997) (emphasis in original), our Supreme Court has held that a trial

court may only consider a motion for summary judgment alleging the failure to prove an essential fact of a plaintiff's *prima facie* case "**after** the completion of relevant discovery." **Wolloch v. Aiken**, 815 A.2d 594, 596 (Pa. 2002) (emphasis added) (citing to the Explanatory Comment to Pa.R.C.P. 1035.2 interpreting Pa.R.C.P. 1035.2(2)). This "timing is important." **Id.** Appellate courts "must look at the record of the case to determine whether or not discovery is complete to establish the timeliness or prematurity of a motion for summary judgment under Rule 1035.2." **Id.** (holding that although the parties continued to engage in informal discovery, the trial court's grant of summary judgment was proper pursuant to Pa.R.C.P. 1035.2(2) because a scheduling order indicated discovery had closed, and plaintiff had failed, prior to the entry of summary judgment, to submit an expert report and establish a *prima facie* element of her case).

There is no question that KB has had extensive time to develop its case. At the time of the renewed motions for summary judgment, seven years had passed since KB filed its complaint. The trial court and Appellees understandably questioned when KB was planning to develop its case and lamented KB's failure to produce its expert report in the three years between the 2011 summary judgment order and the 2014 summary judgment motions or at the time of its opposition to the summary judgment motions. However, at the time Appellees sought summary judgment in the instant

case, discovery had not closed.[10]  None of the parties had filed a certificate of readiness pursuant to Westmoreland County's local rules in order to close discovery and move the case along.  **See** Westmoreland County R.C.P. W212.1 (stating "[a]ny party may file a certificate with the [p]rothonotary that the case is ready for trial" and defining "ready for trial," in part, as the completion of discovery).  Although the trial court recognized the prolonged nature of the case when it ruled upon the original summary judgment motion in 2011, it did not institute any deadlines for the parties to complete discovery or produce expert reports.

Most significantly, by the time the trial court in the instant case decided the summary judgment motion, KB had, in fact, produced an expert report.  Since KB's opposition to Appellees' first motion for summary judgment was based upon its promise to produce an expert report, it

_____

[10] In its brief, BI merely makes a bald statement in its summary of the argument asserting that discovery had closed.  BI's Brief, 12/7/2016, at 13. Ballina, on the other hand, argues that discovery was closed because KB indicated in a December 23, 2013 letter to the parties it had no further discovery with the exception of supplementation of financial data and it intended to file a certificate of readiness to move the case towards trial. Ballina's Brief at 21-22.  Ballina also points to KB's filing of a certificate of readiness on July 30, 2014, prior to the trial court's order granting summary judgment, in support of its argument that discovery had closed.  **Id.**

Ballina's contentions are incorrect.  In addition to requesting supplemental financial data, KB plainly stated it wished for the parties "to proceed with expert discovery, including reports and depositions, by agreement."  Letter from KB's counsel to Appellees' counsel, 12/23/2013. Furthermore, we note that KB filed its expert report in May 2014 before it sought to close discovery by filing a certificate of readiness in July 2014. Ballina fails to explain why we should consider KB's certificate of readiness but not the submission of the expert report.

certainly would have been prudent for KB to have produced the report sooner. Nevertheless, KB did produce the expert report eventually, two days after oral argument and well before the trial court issued its order granting BI's motion.

The trial court declined to consider the report, contending it would be unfair to Appellees because KB did not produce the report within thirty days of the service of BI's motion for summary judgment pursuant to Rule 1035.3(a). BI acknowledges the trial court could have considered the expert report had KB submitted it as a supplementation to the record along with its opposition to summary judgment in accordance with Rule 1035.3(b), but takes issue with KB's failure to comply with its obligation to defeat summary judgment within the timeframe required by Rule 1035.3(a). BI's Sur-Reply Brief, 1/3/2017, at 6-10. Notably, BI does not assert that it was prejudiced by KB's submission of the expert report after oral argument instead of along with KB's opposition to summary judgment. Neither BI nor Ballina contends that the report itself was insufficient or that the timing prevented either of them from making additional arguments regarding the submission of the report. Moreover, this is not a situation where a plaintiff produced the report after the trial court decided the summary judgment motion or in close proximity to trial. **See Wolloch**, 815 A.2d at 595-96 (rejecting the non-moving party's argument that the trial court should have considered her expert reports as a supplementation to the record because she submitted

the reports after the trial court had already entered summary judgment and without enough time for the trial court to have considered them prior to her notice of appeal); **Kurian v. Anisman**, 851 A.2d 152, 162 (Pa. Super. 2004) (affirming the trial court's grant of summary judgment because the plaintiff submitted an expert report in response to a motion for summary judgment on the eve of trial, causing prejudice to the defendants who had no time to prepare for the expert testimony or raise additional defenses). KB's ability to produce suddenly the report two days after oral argument after not producing it for months certainly is suspect and such behavior is ill-advised, but we must keep in mind Rule 1035.2's purpose is to ferret out cases where parties cannot make out a claim as opposed to potentially meritorious cases. **See** Pa.R.C.P. 1035.2, Explanatory Comment – 1996.

Appellees point to previous cases wherein this Court has held a trial court did not abuse its discretion by granting summary judgment due to a plaintiff's failure to prove its claim after protracted discovery. **See Porro**, 846 A.2d at 1283 (affirming grant of second motion for summary judgment despite outstanding discovery responses; plaintiff waited seven months after summary judgment was initially denied and three months after discovery closed to serve the requests and never sought court intervention for the defendant's allegedly deficient discovery responses); **Reeves v. Middletown Athletic Ass'n**, 866 A.2d 1115 (Pa. Super. 2004) (affirming grant of summary judgment motion despite pending motion to compel; the

non-moving party was unable to demonstrate the materiality of the information sought or use of due diligence in attempting to obtain the information).

We find these cases to be distinguishable here. In both **Porro** and **Reeves**, the plaintiff attempted to defeat summary judgment by pointing to the other party's allegedly deficient discovery responses, arguing even more time was needed to develop their cases despite already protracted discovery periods. In the instant case, however, Appellees' summary judgment motions were based upon KB's failure to produce an expert report, which KB did eventually produce. Since KB produced the expert report prior to the close of discovery and prior to the court issuing an order denying the summary judgment motion, it was manifestly unreasonable for the trial court to disregard the report entirely and grant summary judgment based upon a lack of an expert report.

We also note that an expert report is not necessary to prove damages. **Jahanshahi v. Centura Dev. Co., Inc.**, 816 A.2d 1179, 1184 (Pa. Super. 2003). The trial court previously concluded there was enough in the record to establish that "KB possessed trade secrets, that those trade secrets may have been misappropriated by BI through the actions of Ballina and others acting in concert with him, and that BI might have used the information to tortiously interfere with [KB's] existing and prospective contractual relationships." TCO, 11/18/11, at 7. KB alleges as a consequence, it lost

- 15 -

sales to BI and BI gained sales, as demonstrated by BI's sales to KB's former customers.[11] KB's Brief at 27. While KB does not dispute it always planned to use an expert to quantify damages, ***see, e.g.,*** KB's Opposition at 43, this does not inherently mean KB cannot prove it suffered damages without expert testimony. ***See Wachovia Bank, N.A. v. Ferretti***, 935 A.2d 565 (Pa. Super. Ct. 2007) ("[T]he test of whether damages are remote or speculative has nothing to do with the difficulty in calculating the amount, but deals more with the more basic question of whether there are identifiable damages….") In addition, evidence of damages may be introduced through a lay witness so long as the witness is able to explain the data on a sufficient enough basis to permit the fact finder to calculate a reasonably certain estimate of damages. ***See Merion Spring Co. v. Muelles Hnos. Garcia Torres, S.A.,*** 462 A.2d 686, 697-99 (1983).

Our role in reviewing a denial of summary judgment is not to determine whether KB is entitled to a recovery, but to determine whether the trial court erred or abused its discretion in denying KB the opportunity to present its claims to a trier of fact. Because we hold it was an abuse of the trial court's discretion to grant summary judgment based on the lack of an expert report when KB produced the expert report prior to the trial court's order and before the close of discovery, we vacate the judgment, reverse

---

[11] Recall that with respect to KB's claim for tortious interference with contractual relations, the trial court previously held KB was entitled to attempt to prove to the jury that BI's alleged tortious conduct caused KB's damages as opposed to other economic reasons. TCO, 11/18/11, at 5.

the order granting summary judgment in favor of Appellees, and remand for further proceedings. Due to our disposition, we need not address KB's remaining issues.

Judgment vacated. Order granting Appellee's motion for summary judgment reversed. Case remanded. Jurisdiction relinquished.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/11/2017