IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Billie Jo Raker,                          :
                    Appellant             :
                                          :
          v.                              :
                                          :
Pennsylvania Department of                :
Transportation, a/k/a PENNDOT             :    No. 1582 C.D. 2018
and Keystone Blind Association            :    Argued:  October 3, 2019


BEFORE:    HONORABLE P. KEVIN BROBSON, Judge
           HONORABLE CHRISTINE FIZZANO CANNON, Judge
           HONORABLE ROBERT SIMPSON, Senior Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON               FILED:  October 24, 2019


          Billie Jo Raker (Appellant) appeals from the Court of Common Pleas
of Venango County's (trial court) December 18, 2017 order that granted summary
judgment to Keystone Blind Association (Keystone) and the trial court's July 31,
2018 order that granted summary judgment to the Pennsylvania Department of
Transportation (DOT).  Upon review, we affirm.

          On January 4, 2012, Appellant fell and suffered injuries when she
stepped off a curb on the premises of Rest Stop 21 on Interstate 80 Eastbound in
Venango County, Pennsylvania (the rest stop).  On June 13, 2014, Appellant brought
suit against DOT, the owner of the rest stop, and Keystone, a DOT contractor hired
to maintain certain portions of the rest stop, alleging DOT's and Keystone's
negligent ownership and inspection of the rest stop caused Appellant's injuries.

Following discovery, both DOT and Keystone moved for summary judgment pursuant to Pa.R.C.P. No. 1035.2.[1] On December 18, 2017 and July 31, 2018, the trial court granted summary judgment in favor of Keystone and DOT, respectively, determining that Appellant had failed to establish a negligence cause of action as to either defendant, and further determining that DOT was insulated from Appellant's lawsuit by sovereign immunity, 1 Pa.C.S. § 2310.[2] Appellant timely appealed.[3]

---

[1] Rule 1035.2 permits summary judgment where:

> after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury.

Pa.R.C.P. No. 1035.2.

[2] Pennsylvania Consolidated Statutes Section 2310 provides:

> Pursuant to section 11 of Article 1 of the Constitution of Pennsylvania, it is hereby declared to be the intent of the General Assembly that the Commonwealth, and its officials and employees acting within the scope of their duties, shall continue to enjoy sovereign immunity and official immunity and remain immune from suit except as the General Assembly shall specifically waive the immunity. When the General Assembly specifically waives sovereign immunity, a claim against the Commonwealth and its officials and employees shall be brought only in such manner and in such courts and in such cases as directed by the provisions of Title 42 (relating to judiciary and judicial procedure) or 62 (relating to procurement) unless otherwise specifically authorized by statute.

1 Pa.C.S. § 2310.

[3] Appellant initially appealed to the Superior Court, which transferred the matter to this Court by order dated November 29, 2018.

On appeal,[4] Appellant claims that the trial court erred by determining Appellant failed to meet her burden to put forth a *prima facie* case of negligence against DOT and Keystone because she did not proffer adequate evidence to demonstrate the existence of a dangerous condition at the rest stop. *See* Appellant's Brief at 3 & 9-15. Appellant also claims that the trial court erred by finding that Appellant failed to prove that DOT and Keystone had notice of the alleged dangerous condition. *See* Appellant's Brief at 3 & 15-22. Lastly, Appellant claims that the trial court erred because Appellant proffered evidence that Keystone breached a contractual duty. *See* Appellant's Brief at 3-4 & 22-27.

Initially, as this Court has explained:

> Summary Judgment is appropriate only where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. To successfully challenge a motion for summary judgment, a party must show through depositions, interrogatories, admissions or affidavits that there are genuine issues of material fact to present at trial.

*Pritts v. Dep't of Transp.*, 969 A.2d 1, 3 (Pa. Cmwlth. 2009) (internal citation omitted). When reviewing the grant of summary judgment, this Court "must examine the record in a light most favorable to the non-moving party, accepting as true all well-pleaded facts and reasonable inferences to be drawn therefrom." *Irish v. Lehigh Cty. Hous. Auth.*, 751 A.2d 1201, 1203 (Pa. Cmwlth. 2000). Further,

> a non-moving party must adduce sufficient evidence on an issue essential to his case and on which he bears the burden of proof such that a jury could return a verdict in his favor.

---

[4] "Our review of a trial court order granting summary judgment is limited to determining whether the trial court erred as a matter of law or abused its discretion." *Stuski v. Phila. Auth. for Indus. Dev.*, 162 A.3d 1196, 1199 n.2 (Pa. Cmwlth. 2017).

3

> Failure to adduce this evidence establishes that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.

*Ertel v. Patriot-News Co.*, 674 A.2d 1038, 1042 (Pa. 1996). As this Court has also noted, "[t]he jury may not be permitted to reach its verdict on the basis of speculation or conjecture; there must be evidence upon which its conclusion may be logically based." *Mitchell v. Milburn*, 199 A.3d 995, 1002 (Pa. Cmwlth. 2018) (quoting *Cuthbert v. City of Philadelphia*, 209 A.2d 261, 264 (Pa. 1965)).

Regarding premises liability, our Supreme Court has repeatedly cited with approval the Restatement (Second) of Torts, which explains that a possessor of land is liable for harm caused by a condition on the land only if the possessor:

> (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and
>
> (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and
>
> (c) fails to exercise reasonable care to protect them against the danger.

*Carrender v. Fitterer*, 469 A.2d 120, 123 (Pa. 1983) (quoting Restatement (Second) of Torts § 343 (1965)); *see also Cagey v. Commonwealth*, 179 A.3d 458, 466 (Pa. 2018). Thus, the Supreme Court has explained, "at common law, a possessor of land is liable for harm caused by a dangerous condition that he would have discovered through the exercise of reasonable care." *Cagey*, 179 A.3d at 466.

Additionally, our Superior Court has explained that "[a]n invitee must prove either the proprietor of the land had a hand in creating the harmful condition, or he had actual or constructive notice of such condition." *Estate of Swift v. Ne.*

4

*Hosp. of Phila.*, 690 A.2d 719, 722 (Pa. Super. 1997). The Superior Court has stated the following regarding the required notice of dangerous conditions to landowners:

> [I]f the harmful transitory condition is traceable to the possessor [of land] or his agent's acts, (that is, a condition created by the possessor or those under his authority), then the plaintiff need not prove any notice in order to hold the possessor accountable for the resulting harm. In a related context, where the condition is one which the owner knows has frequently recurred, the jury may properly find that the owner had actual notice of the condition, thereby obviating additional proof by the invitee that the owner had constructive notice of it. Where however, the evidence indicated that the transitory condition is traceable to persons other than those for whom the owner is, strictly speaking, ordinarily accountable, the jury may not consider the owner's ultimate liability in the absence of other evidence which tends to prove that the owner had actual notice of the condition or that the condition existed for such a length of time that in the exercise of reasonable care the owner should have known of it.

*Porro v. Century III Assocs.*, 846 A.2d 1282, 1285–86 (Pa. Super. 2004).

The evidence of record regarding the happening of the incident wherein Appellant was injured in the instant matter comes exclusively from Appellant's deposition testimony. *See* Transcript of Deposition of Billie Jo Raker, November 1, 2016 (Appellant's Deposition). During her deposition testimony, Appellant stated multiple times that she was injured when she stepped down off a curb at the rest stop into what she stated "felt like" or what she "thought" was a hole. *See* Appellant's Deposition at 36, 40-41, 91, 98 & 100. At one point, Appellant testified that "I know I stepped into a hole." *See* Appellant's Deposition at 99. Appellant conceded that the pictures marked as Exhibits 8 & 9 during her deposition testimony, which she herself took some time after her injury, do not appear to show a hole where Appellant

5

claims to have stepped off the curb and fallen. *See* Appellant's Deposition at 98-99. Further, Appellant noted the chipping of the curbing from which she stepped, but testified that she was injured when she stepped down into a hole below the curb, not as a result of tripping over anything or as a result of the curb chipping. Appellant's Deposition at 100.

Additionally, the only evidence in the record of notice received by the defendants of any allegedly dangerous condition(s) at the rest stop consists of two Quality Assurance Evaluation forms completed by a Keystone employee in September and October of 2011 that note that "Curb in truck lot is chipped away[.]" Bureau of Maintenance and Operations Quality Assurance Evaluation dated September 27, 2011, Reproduced Record (R.R.) at 537a; Bureau of Maintenance and Operations Quality Assurance Evaluation dated October 14, 2011, R.R. at 538a.

The trial court expressly found that "the photographs taken by [Appellant] and entered into evidence as Defense Exhibits are absent of any defect in the land which could possibly be construed as a 'dangerous condition.'" Trial Court Opinion dated December 18, 2017, at 8 n.1; Trial Court Opinion dated July 31, 2018, at 8 n.1. Additionally, based on the evidence adduced, the trial court stated:

> In analyzing [Appellant's] sparse evidence adduced during pleadings and discovery, testimony that [Appellant] "felt like I stepped into a hole," and the photographs taken by [Appellant] months after the accident happened, she fails to satisfy her burden in proving her negligence cause of action against Defendant[s Keystone and DOT].

6

Trial Court Opinion dated December 18, 2017, at 8; Trial Court Opinion dated July 31, 2018, at 8. The trial court then arrived at conclusions based on this evidence. As to Keystone, the trial court concluded:

> Because of the lack of evidence provided by [Appellant] in establishing a dangerous condition caused or known by Defendant Keystone, even in a light most favorable to her, this [c]ourt finds that she has not met her burden in alleging a *prima facie* case of negligence as she has not sufficiently alleged breach of duty. . . . [Appellant] has not provided sufficient evidence to sufficiently allege a dangerous condition was in existence at the rest stop, and therefore this [c]ourt finds that, as a matter of law, [Appellant] has not established facts sufficient to defeat Defendant's Motion for Summary Judgment.

Trial Court Opinion dated December 18, 2017, at 8. Likewise, as to DOT, the trial court concluded:

> Because of the lack of evidence provided by [Appellant] in establishing a dangerous condition was caused or known by Defendant [DOT], even in a light most favorable to her, this [c]ourt finds that she has not met her burden in alleging a *prima facie* case of negligence as she has not sufficiently alleged breach of duty. . . . [Appellant] has not provided sufficient evidence to sufficiently allege a dangerous condition was in existence at the rest stop, and therefore this [c]ourt finds that, as a matter of law, [Appellant] has not established facts sufficient to defeat Defendant [DOT's] Motion for [S]ummary [J]udgment.

Trial Court Opinion dated July 31, 2018, at 8.

The trial court continued to conclude the following as to both Keystone and DOT:

7

> [I]n review of the record in [a] light most favorable to [Appellant] this [c]ourt finds that she has failed to submit any evidence that Defendant[s] had either actual or constructive knowledge of the alleged dangerous condition at [the rest stop]. Because [Appellant] has failed to offer any evidence which tends to prove that Defendant[s] had actual or constructive notice of the dangerous condition, [Appellant] has failed to raise a factual dispute and summary judgment is appropriate.

Trial Court Opinion dated December 18, 2017 at 8; Trial Court Opinion dated July 31, 2018, at 8-9.

We agree with the trial court's conclusion that summary judgment was appropriate. Appellant's testimony indicated that her fall and injury were caused by what she perceived to have been a hole in the ground. However, we need not address whether Appellant's testimony that she fell after stepping into what "felt like" or what she "thought" was a hole, together with the photographic evidence, sufficiently raised a factual issue as to the existence of a dangerous condition at the rest stop. Even assuming that such testimony amounted to *prima facie* evidence of a hole where Appellant fell, no evidence of record illustrates that either DOT or Keystone had notice of the alleged hole. The evidence adduced – the quality assurance forms – indicated that each defendant had only notice of a chipped sidewalk somewhere at the rest stop, not notice of a hole. In fact, the quality assurance forms Appellant relies on as evidence of notice to both Keystone and DOT make no reference whatsoever to a hole or subsidence of any kind. Additionally, no evidence indicated how long the hole existed, if at all. Further, Appellant's own testimony indicates the reported curb chipping did not contribute to her fall, which she attributed entirely to the alleged hole in the ground.

8

Accordingly, even accepting that a dangerous condition in the form of a hole existed at the rest stop, because Appellant did not adduce evidence that either DOT or Keystone had notice of the alleged hole into which Appellant alleges to have fallen, she cannot prove a necessary element of her case, and both DOT and Keystone were entitled to judgment as a matter of law. Thus, the trial court neither erred nor abused its discretion in granting summary judgment in their favor.

For this reason, we affirm the orders of the trial court.[5]

_____
CHRISTINE FIZZANO CANNON, Judge

---

[5] Because Appellant does not reach the threshold requirement of a recoverable claim, we need not investigate whether sovereign immunity applies in this matter.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Billie Jo Raker,                        :
                        Appellant       :
                                        :
        v.                              :
                                        :
Pennsylvania Department of              :
Transportation, a/k/a PENNDOT           :       No. 1582 C.D. 2018
and Keystone Blind Association          :


O R D E R


        AND NOW, this 24th day of October, 2019, the orders of the Court of Common Pleas of Venango County dated December 18, 2017 and July 31, 2018 are AFFIRMED.


        _____
        CHRISTINE FIZZANO CANNON, Judge