J-A29033-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| MARTHENIA PICKERING | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| DOLGENCORP, LLC, DOLLAR | : | No. 818 WDA 2025 |
| GENERAL, INC. AND DOLLAR | : | |
| GENERAL | : | |

Appeal from the Order Entered June 11, 2025
In the Court of Common Pleas of Erie County
Civil Division at No. 2023-11715

BEFORE:  OLSON, J., DUBOW, J., and BENDER, P.J.E.

MEMORANDUM BY BENDER, P.J.E.:                **FILED: March 17, 2026**

Marthenia Pickering (Appellant) appeals from the order granting summary judgment and dismissing her negligence action against Dolgencorp, LLC, Dollar General, Inc., and Dollar General (collectively, Dollar General). After careful review, we affirm.

On September 9, 2021, Appellant was shopping at a Dollar General store in Erie, Pennsylvania, when she slipped and fell on "citronella scented fluid" and "sustained serious injuries."  Complaint, 7/25/23, at ¶¶ 6, 8-9.  On July 25, 2023, Appellant filed a complaint claiming that her injuries were the result of Dollar General's negligence.  Dollar General responded that Appellant, *inter alia*, failed to "state a cause of action upon which relief can be granted."  Answer and New Matter, 10/6/23, at 4.

After the completion of discovery, Dollar General filed a motion for summary judgment. Dollar General argued that to establish liability, Appellant had to establish that Dollar General "created the condition of which [Appellant] complains[,] or that [Dollar General] knew, or in the exercise of reasonable care, should have known of the existence of the condition." Motion for Summary Judgment, 12/16/24, at ¶ 2 (citations omitted). Dollar General specifically claimed that Appellant failed to "demonstrate that [Dollar General] caused the liquid substance to be on the floor or that it had actual or constructive notice of the condition." *Id.* at ¶ 8. In response, Appellant asserted that deposition "testimony and photographs of the scene clearly demonstrate that [Appellant] slipped and fell as a result of the liquid that was present in the clearance aisle, a dangerous condition." Brief in Opposition to Summary Judgment at 5.

The trial court heard oral argument on February 3, 2025. On June 11, 2025, the trial court entered an order and opinion granting summary judgment and dismissing Appellant's complaint. Appellant filed a timely appeal on July 1, 2025. On July 29, 2025, Appellant filed a court-ordered concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

Appellant presents the following question for review:

DID THE TRIAL COURT ERR IN GRANTING [DOLLAR GENERAL'S] MOTION FOR SUMMARY JUDGMENT WHERE AN ISSUE OF FACT EXISTS ON CONSTRUCTIVE NOTICE[,] WHERE [DOLLAR GENERAL] FAILED TO REASONABLY MONITOR THE PREMISE[S], [AND]:

      a. THE PHOTOGRAPH SHOWS AN UNKEPT PREMISE[S] WITH A LARGE SPILL AND ITEMS STREWN ABOUT THAT CAUSED DANGEROUS CONDITIONS, AND

      b. THE MANAGER ADMITTED TO SERIOUS LACK OF NECESSARY PERSONNEL AND PROCEDURES TO PROPERLY MONITOR THE STORE[?]

Appellant's Brief at 4.

      In reviewing the grant of summary judgment:

      We view the record in the light most favorable to the nonmoving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. Only where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to judgment as a matter of law will summary judgment be entered. Our scope of review of a trial court's order granting or denying summary judgment is plenary, and our standard of review is clear: the trial court's order will be reversed only where it is established that the court committed an error of law or abused its discretion.

***Siciliano v. Mueller***, 149 A.3d 863, 864 (Pa. Super. 2016) (citation omitted). With summary judgment, the record subject to review is explicitly limited to (1) pleadings; (2) depositions, admissions, responses to interrogatories, affidavits; and (3) reports signed by expert witnesses that comply with the rules of discovery. ***Finder v. Crawford***, 167 A.3d 40, 44 (Pa. Super. 2017) (citing Pa.R.Civ.P. 1035.1).

      Under Pennsylvania law, the "mere fact that an accident occurred does not give rise to an inference that the injured person was the victim of negligence." ***Toro v. Fitness Int'l LLC***, 150 A.3d 968, 976 (Pa. Super. 2016) (citation omitted). To establish negligence, a plaintiff must prove: (1) a duty or obligation recognized by law; (2) a breach of that duty; (3) a causal

J-A29033-25

connection between the conduct and the resulting injury; and (4) actual damages. *Id.* at 976–77. "It is a fundamental principle of tort law that there cannot be a valid claim sounding in negligence unless there is a duty upon the defendant in favor of the plaintiff which has been breached." *Straw v. Fair*, 187 A.3d 966, 983 (Pa. Super. 2018) (citation omitted).

Here, the parties agree that Appellant was a business invitee.[1] A business invitee is owed the highest duty of care. *See Newell v. Montana West, Inc.*, 154 A.3d 819, 835 (Pa. Super. 2017). The Restatement (Second) of Torts § 343 provides:

> A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he
>
> (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and
>
> (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and
>
> (c) fails to exercise reasonable care to protect them against the danger.

Restatement (Second) of Torts § 343.[2]

---

[1] A business invitee "is a person who is invited to enter or remain on land for a purpose directly or indirectly connected with business dealings with the possessor of the land." *Est. of Swift v. Ne. Hosp. of Philadelphia*, 690 A.2d 719, 722 (Pa. Super. 1997) (citation omitted).

[2] Restatement (Second) of Torts § 343 has been adopted by Pennsylvania courts. *See Brewington for Brewington v. City of Philadelphia*, 199 A.3d 348, 355 (Pa. 2018) (citing *Atkins v. Urban Redevelopment Authority of Pittsburgh*, 414 A.2d 100, 103 (Pa. 1980) (adopting Restatement (Second) of Torts § 343)).

- 4 -

In addition, this Court has explained:

[T]he mere existence of a harmful condition in a public place of business, or the mere happening of an accident due to such a condition is neither, in and of itself, evidence of a breach of the proprietor's duty of care to his invitees, nor raises a presumption of negligence. In order to recover damages in a slip and fall case …, the invitee must present evidence which proves that the store owner deviated in some way from his duty of reasonable care under the existing circumstances. This evidence must show that the proprietor knew, or in the exercise of reasonable care should have known, of the existence of the harmful condition. Section 343 also requires the invitee to prove either that the store owner helped to create the harmful condition, or that it had actual or constructive notice of the condition.

*Rodriguez v. Kravco Simon Co.*, 111 A.3d 1191, 1193 (Pa. Super. 2015) (quoting *Zito v. Merit Outlet Stores*, 647 A.2d 573, 575 (Pa. Super. 1994) (citations and quotation marks omitted)); *see also Toro*, 150 A.3d at 977 (stating, "where, as here, the plaintiff is a business invitee, the plaintiff must show that the property owner either created or had actual or constructive notice of the dangerous condition." (citation omitted)).

Appellant does not claim to have shown that Dollar General created or had actual notice of the fluid on the ground, but asserts that her evidence showed Dollar General's constructive notice. Appellant contends she presented "ample evidence of [Dollar General's] failure to monitor or at least ascertain the condition of the floor." Appellant's Brief at 17. Appellant refers to a photograph of the floor where she slipped, and the deposition testimony of the store manager. Appellant states:

The photograph is worth a thousand words. It not only demonstrates a large spill with tracking marks, but other

discarded items causing separate dangerous conditions sufficient to conclude the spill existed for an unreasonable period of time and should have been discovered.

Moreover, the testimonial evidence shows that Dollar General did not have sufficient personnel and procedures in place to properly carry out the required duty of care to monitor the property.

*Id.* at 11.

Appellant also claims "evidence exists that Dollar General failed to reasonably monitor the premises to the point of [c]onstructive [n]otice. The existence of **several tripping hazards** and **admissions** of lack of personnel and procedures is sufficient evidence that the area had not been monitored for some unreasonable time period." *Id.* at 21 (emphasis in original). Appellant argues:

Although it is impossible to determine the exact time elapsed, as [Dollar General] is in control of premise and investigation, the other factors in *Bremer* [*v. W.W. Smith, Inc.*, 191 A. 395 (Pa. Super. 1937),] should still be considered in favor of constructive notice. Further, Dollar General's failure to maintain procedures to monitor the store … as well as the lack of surveillance, makes it nearly impossible to determine the exact time between the spill and the accident.

*Id.* at 22. As Appellant indicates, this Court has explained:

What will amount to constructive notice of a defective or dangerous condition existing upon a defendant's premises, necessarily varies under the circumstances of each case. Some of the factors affecting the question, in addition to the time elapsing between the origin of the defect and the accident, are the size and physical condition of the premises, the nature of the business conducted thereon, the number of persons using the premises and the frequency of such use, the nature of the defect and its location on the premises, its probable cause and the opportunity which defendant, as a reasonably prudent person, had to remedy it.

- 6 -

***Bremer***, 191 A. at 397.

Notably, this Court in ***Bremer*** also stated that "[t]ime is always an important factor in the problem of constructive notice," and resolved the appeal in favor of the defendant, who had been sued for negligence by a plaintiff who was injured after stepping in a hole at the defendant's parking lot. *Id.* at 398. We observed that there was "not the slightest evidence of the length of time during which the alleged defect was permitted to exist, or of its probable cause." *Id.* at 397. Further, we found that our decision was "within the line of cases in which the evidence has been held insufficient to justify the submission of the question of constructive notice to the jury." *Id.* at 398.

As Dollar General argues, "establishing the time period **elapsing between the origin of the defect or hazardous condition and the accident** is crucial to establishing constructive notice in a transitory hazard case." Dollar General's Brief at 15 (emphasis in original). Dollar General cites ***Porro v. Century III Associates***, 846 A.2d 1282 (Pa. Super. 2004), where this Court affirmed the grant of summary judgment because the plaintiff offered no evidence about "how long the substance had been on the stairs prior to his fall." *Id.* at 1283. In particular, the plaintiff "admitted in his deposition he d[id] not know how long the substance he slipped on was present on the stairs. Moreover, the nature of the substance does not establish that any of defendants' employees spilled the substance or that they should have been aware of its presence." *Id.* at 1286.

Similarly, in **Rodriguez**, we found that the plaintiff failed to establish constructive notice after slipping and falling on brown liquid. We stated that without "evidence of how long it takes the liquid in question to become sticky or dry, the jury would be unable to determine whether the spill was present for a sufficiently long time to warrant a finding of constructive notice." 111 A.3d at 1194. Likewise, in **Toro**, we concluded that there was insufficient evidence of a defendant's constructive knowledge of a slippery floor, where the plaintiff "did not know how long the floor was wet prior to the alleged incident," and there "were no reports from [the d]efendant's staff of the floor being wet prior to [the p]laintiff's accident." **Toro**, 150 A.3d at 977 (citation omitted). We concluded that the plaintiff failed to prove his claim of negligence, and the defendant was entitled to summary judgment, "because there is no evidence that the floor was wet for such a length of time that [the d]efendant should have been aware of it, and could be charged with constructive notice." **Id.**

In this case, the trial court also concluded that Appellant failed to show that the citronella-scented fluid was on the floor long enough for Dollar General to have constructive notice of it. The trial court set forth its detailed rationale:

> All things considered, we cannot find that a jury could reasonably infer from this evidence alone that Dollar General had constructive knowledge of the spill on the day in question. As [Appellant] observes, some of the factors to consider in determining whether a party had constructive notice of a dangerous condition include "the size and physical condition of the premises, the nature of the business conducted thereon, the number of persons using the

premises and the frequency of such use, the nature of the defect and its location on the premises, its probable cause and the opportunity which defendant, as a reasonably prudent person, had to remedy it." *Bremer v. W.W. Smith, Inc.*, 191 A. 395, 397 (Pa. Super. 1937). However, "one of the most important factors to be taken into consideration is the time elapsing between the origin of the defect or hazardous condition and the accident." *Neve v. Insalaco's*, 771 A.2d 786, 791 (Pa. Super. 2001).

Here, critically, there is no evidence pertaining to the time that elapsed between the spill and the injury to [Appellant]. Had there been, then perhaps [Appellant's] emphasis on Dollar General's lack of attention to the condition of the premises would be enough to defeat summary judgment, since evidence that the dangerous condition was present for a prolonged period of time coupled with evidence suggesting that Dollar General employees generally did not exercise affirmative care to ensure that the premises were safe for patrons could lead to the conclusion that Dollar General failed to reasonably monitor the property on the day of the incident. Yet without evidence of the duration of the spill, a factfinder would be left to speculate as to whether there was an unreasonable absence of supervision on the part of Dollar General that day. It may be that Dollar General did exercise adequate supervision, but that the spill occurred so close in time to [Appellant's] accident that it would not have been reasonable for the Dollar General employees to identify the danger more quickly. Absent any evidence of the time elapsing between the origin of the spill and [Appellant's] accident, we simply cannot say that a jury could reasonably infer from the fact that the store was short-staffed that Dollar General did not properly monitor the premises, at least without resort[ing] to speculation.

At oral argument, [Appellant] argued that Dollar General (in contrast to other similarly situated companies) has engaged in conduct which makes obtaining such evidence exceedingly difficult, if not impossible. [Appellant] posited that Dollar General has strategically chosen not to maintain surveillance footage and has failed to require that its employees prepare comprehensive sweep [logs]. In doing so, [Appellant] appears to draw an analogy with *Rodriguez*, where the record showed that the "Sweep Sheet & Spill Log" for the day of the incident was missing from the company's corporate records, despite testimony that these forms were collected each day and sent to the corporate office. 111 A.3d at 1196. The Superior Court reversed the trial court's decision to

grant summary judgment, holding that a jury would have been entitled to draw an adverse inference against the company based upon the spoliation of evidence. *Id.* at 1196-97. The Court noted that "[s]ince the early 17th century, courts have admitted evidence tending to show that a party destroyed evidence relevant to the dispute being litigated. Such evidence permitted an inference, the spoliation inference, that the destroyed evidence would have been unfavorable to the position of the offending party." *Id.* at 1196 (quoting *Mount Olivet Tabernacle Church v. Edwin L. Wiegand Division*, 781 A.2d 1263, 1269 (Pa. Super. 2001)).

In this instance, [Appellant] does not ask us to draw an adverse inference based upon spoliation of existing evidence. Instead, she seems to suggest that a jury could draw an adverse inference based upon the allegation that Dollar General has engaged in a systemic practice aimed at making the gathering of evidence more burdensome, all but ensuring that summary judgment will be granted in its favor in cases like this. But even assuming, for argument's sake, that an adverse inference could be drawn against Dollar General under these circumstances, [Appellant] offers no evidence that Dollar General has, in fact, engaged in an organized plan of this kind. And without such evidence, [Appellant's] allegation is simply conjecture. This is not enough to support an adverse inference against Dollar General such that [Appellant], in turn, need not point to evidence pertaining to "one of the most important factors" of the constructive knowledge analysis, *i.e.*, duration of the dangerous condition. *Neve*, 771 A.2d at 791; *see also Felix v. GMS, Zallie Holdings, Inc.*, 827 F.Supp.2d 430, 442 (E.D. Pa.) (applying Pennsylvania law) (noting "[c]ourts regularly dismiss claims supported by such scant evidence [of duration of a spill] at the summary judgment stage.").

Trial Court Opinion, 6/11/25, at 3-5.[3]

---

[3] The trial court adopted its "Memorandum Opinion dated June 11, 2025, as its Pennsylvania Rule of Appellate Procedure 1925(a) Opinion, as the June 11th opinion fully addresses the issues raised in Appellant's Rule 1925(b) Statement." 1925(a) Opinion, 7/31/25.

Our review confirms the trial court's conclusion that Appellant "has not identified evidence in the record which could reasonably be credited for the proposition that Dollar General had constructive knowledge of the spill that ultimately caused her injury." ***Id.*** at 6.  Thus, the trial court did not err or abuse its discretion in finding that Appellant failed to establish the elements of negligence required to survive summary judgment. ***See Davis v. Wright***, 156 A.3d 1261, 1273 (Pa. Super. 2017) (holding that negligence claim based on speculation cannot survive summary judgment, and "the trial court has a duty to prevent questions from going to the jury which would require it to reach a verdict based on conjecture, surmise, guess or speculation.").

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 03/17/2026