J-S79044-14

2015 PA Super 41

| | | |
|---|---|---|
| MICHAEL RODRIGUEZ, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| KRAVCO SIMON COMPANY D/B/A LEHIGH | : | |
| VALLEY MALL and ENVIRONMENTAL | : | |
| SERVICE CONCEPTS, LLC, | : | |
| | : | |
| Appellees | : | No. 2291 EDA 2014 |

Appeal from the Order Entered July 10, 2014
in the Court of Common Pleas of Lehigh County,
Civil Division, at No(s): 2013-C-1195

BEFORE:   ALLEN, OLSON, and STRASSBURGER,* JJ.

OPINION BY STRASSBURGER, J.:   **FILED FEBRUARY 20, 2015**

Michael Rodriguez (Rodriguez) appeals from the July 10, 2014 order which entered summary judgment in favor of Kravco Simon Company, d/b/a Lehigh Valley Mall (the Mall), and Environmental Service Concepts, LLC (ESC) (Defendants, collectively).  We reverse and remand for further proceedings consistent with this opinion.

Succinctly, the facts of this case are as follows.  On June 6, 2011, Rodriguez was walking in the Lehigh Valley Mall when he slipped in a puddle of brown liquid and fell, breaking his leg.  In his subsequently-filed negligence case, Defendants moved for summary judgment.  The trial court granted Defendants' motion, determining that Rodriguez failed to come forth

*Retired Senior Judge assigned to the Superior Court.

with evidence that would allow a jury to conclude that Defendants had actual or constructive notice of a dangerous condition.

Rodriguez timely filed a notice of appeal, and presents this Court with the following questions, which we have reordered for ease of disposition.

1. Did the [trial] court err in finding that the dried nature of the spill did not create the inference that a sufficient period of time had passed for constructive notice to Defendants?

2. Did the [trial] court err in disregarding the Defendants' written admission of failure to prevent the accident?

3. Did the [trial] court err in disregarding the Defendants' loss of important evidence as a factor to be weighed in [deciding] Defendants' motion for summary judgment?

Rodriguez's Brief at 4 (suggested answers and unnecessary capitalization omitted).

We consider Rodriguez's questions mindful of our standard of review.

Our standard of review of an order granting summary judgment requires us to determine whether the trial court abused its discretion or committed an error of law[,] and our scope of review is plenary. We view the record in the light most favorable to the nonmoving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. Only where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to a judgment as a matter of law will summary judgment be entered.

* * *

… Where the non-moving party bears the burden of proof on an issue, he may not merely rely on his pleadings or answers in order to survive summary judgment. Further, failure of a non-moving party to adduce sufficient evidence on an issue essential

- 2 -

to his case and on which he bears the burden of proof establishes the entitlement of the moving party to judgment as a matter of law.

***Sokolsky v. Eidelman***, 93 A.3d 858, 861-62 (Pa. Super. 2014) (quotation marks and citations omitted).

The parties agree that Rodriguez was at the Lehigh Valley Mall as an invitee, and thus the following principles of law are applicable.

A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he

(a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and

(b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and

(c) fails to exercise reasonable care to protect them against the danger.

RESTATEMENT (2d) OF TORTS § 343. This Court has explained the import of this section as follows:

the mere existence of a harmful condition in a public place of business, or the mere happening of an accident due to such a condition is neither, in and of itself, evidence of a breach of the proprietor's duty of care to his invitees, nor raises a presumption of negligence. In order to recover damages in a slip and fall case such as this, the invitee must present evidence which proves that the store owner deviated in some way from his duty of reasonable care under the existing circumstances. This evidence must show that the proprietor knew, or in the exercise of reasonable care should have known, of the existence of the harmful condition. Section 343 also requires the invitee to prove either that the store owner helped to create the harmful

condition, or that it had actual or constructive notice of the condition.

***Zito v. Merit Outlet Stores***, 647 A.2d 573, 575 (Pa. Super. 1994) (internal citations and quotation marks omitted).[1]

Rodriguez first argues that the testimony regarding the characteristics of the puddle in which he slipped satisfied his burden of coming forth with evidence of Defendants' constructive knowledge of the dangerous condition. Rodriguez's Brief at 14-17. The trial court rejected this argument as follows.

> In this case, [Rodriguez] argues that the liquid substance on the floor remained on the floor for a period of time long enough for edges of the liquid to become dry and sticky. [Rodriguez] further argues that such evidence establishes constructive notice of the dangerous condition on behalf of Defendants.
>
> [Rodriguez] testified regarding the substance as follows:
>
> And also, I want to say like, when I fell, I was like in the main - in the puddle of the dark liquid. And when I put my hands down, I seen like around the edges of the puddle or whatever, it was like -- it was like drying up. The liquid was like drying up, basically, 'cause my hand wasn't wet or nothing.

---

[1] The author of this opinion has for decades noted his disagreement with Pennsylvania law in this area. ***See Goodman v. Chester Downs and Marina, LLC***, 39 A.3d 371, 372 (Pa. Super. 2012) (Strassburger, J. concurring) (citing ***Landis v. Giant Eagle, Inc.***, 142 P.L.J. 263 (1994), and ***Duff v. Wal-Mart Stores, Inc.***, 2002 WL 34098113 (Pa. Com. Pl. 2002)). I write this specially concurring footnote to express my continued belief that, "[b]etween these two [potentially] innocent parties, fairness should require the store to pay as a cost of operating its business." ***Id.*** at 372 (quoting ***Duff***). ***See also Commonwealth v. King***, 57 A.3d 607, 633 n.1 (Pa. 2012) (Saylor, J. concurring) ("Special concurrences such as this are somewhat unusual but not without precedent.").

That's why I first, when I fell, I didn't understand how I fell or why I fell. You understand what I'm saying? And I looked, I seen I was in a puddle of the -- the dark brown liquid.

[Rodriguez] further testified:

Q    Was the substance sticky?

A    Like I said, around the edges, it was. But like the main puddle, it wasn't, no, 'cause there was like -- say this is the puddle right here, and like around here is like the edges of the puddle. That was like dry with or -- or sticking up or whatever. But this right here was liquid (indicating).

Q    Do you know how long the liquid was on the floor --

A    No, ma'am.

Q    before you fell?

A    No way -- no way I can know. I assumed afterwards, like I said, when I'm on the floor, and I have my hands, I don't have no liquid on my hands, and like I said around the edges was dry. So that's -- you know, if it's dry, then I assume it's been there for a little while, you know.

[Rodriguez] also offered the Affidavits of his fiancée and her brother which similarly verify that [Rodriguez] fell in a brown liquid that had dried around the edges.

* * *

Viewing the record in the light most favorable to [Rodriguez] as the nonmoving party, we find that [Rodriguez] has failed to present any evidence regarding how long the brown liquid existed on the floor. Although [Rodriguez's] evidence

allows one to infer that the brown liquid was on the floor long enough for the edges to become dry and sticky, it does not allow an inference as to the length of time the liquid was on the floor to determine if the dangerous condition existed long enough to infer constructive notice on Defendants. Without such evidence, there is nothing that would sufficiently enable a jury to impute constructive notice on Defendants.

Trial Court Opinion, 7/10/2014, at 4-7 (footnotes and citations omitted).

We agree with the trial court. Without evidence of how long it takes the liquid in question to become sticky or dry, the jury would be unable to determine whether the spill was present for a sufficiently long time to warrant a finding of constructive notice. The cases cited by Rodriquez, which are primarily cases from other jurisdictions, do not convince us otherwise. **See** Rodriguez's Brief at 14-17 (citing cases from federal courts and Wyoming).

Rodriguez next argues that Defendants' "compelling admission of liability" warranted denial of their motion for summary judgment. Rodriguez's Brief at 20. Rodriguez's argument is based upon the injury report prepared on a Simon Property Group form, which contains the following:

| Injury Details | |
| --- | --- |
| Did the public safety officer witness the accident? | No |
| Was the scene inspected immediately following the accident? | Yes |

| Date/Time of inspection | 6/6/2011 7:02:00 PM |
| --- | --- |
| Injury scene surface condition | Slippery Due To Liquid On Floor |
| Defect or obstruction in/on surface | Yes |
| Describe obstruction | Liquid On Floor |
| Action taken to prevent injury | None |
| Outside temperature | 70's |

Rodriguez's Response to Defendants' Motion for Summary Judgment, 4/28/2014, at Exhibit D (punctuation added). Rodriguez maintains that this "admission" precludes the entry of summary judgment in favor of Defendants.

Rodriguez's argument fails. "It is unquestionable that a store owner owes a duty of care to the patrons of the store. However, the owner of the store is not an insurer of the safety of its customers." *Myers v. Penn Traffic Co.*, 606 A.2d 926, 928 (Pa. Super. 1992). Defendants were not obligated to follow Rodriguez around the mall, prepared to leap in and save him should some unexpected danger present itself. Rather, under the law discussed above, Defendants had a duty to protect Rodriguez from dangers of which they knew or would have known upon reasonable monitoring of the premises. As the trial court aptly noted, "no action was necessary if Defendants did not know about the spill or if the spill did not exist long enough to impute Defendants knowledge of it." Trial Court Opinion,

7/10/2014, at 6 n.2. This document contains no admission of liability. Thus, Rodriguez's second issue warrants no relief.

Finally, Rodriguez argues that the potential for an adverse inference from Defendants' spoliation of evidence warranted denial of Defendants' motion. Rodriguez's Brief at 17-19. The trial court discussed Rodriguez's spoliation contentions and its rejection of them as follows.

> [I]n an attempt to support the constructive notice claim, [Rodriguez] relies on an asserted adverse inference regarding maintenance records that were not produced by Defendants. [Rodriguez] argues that in response to a discovery request, Defendants produced maintenance records for the Lehigh Valley Mall for the month of June 2011; missing from the records is the June 6, 2011, paperwork. [Rodriguez] argues that the failure to preserve a maintenance record that was clearly material to this action entitles [Rodriguez] to an appropriate inference to review all evidence in as strong a light as possible against Defendants.
>
> [Rodriguez] has not raised this issue with a motion for spoliation sanctions to allow this court to review the elements of spoliation and make a determination regarding any adverse inference based on the missing discovery.[1] In reviewing this motion for summary judgment, we are limited to the record before us, and said record does not include an adverse inference regarding the lack of maintenance records for the date in question.
>
> _____
> [1] To determine the appropriate sanction for spoliation, the trial court must weigh three factors:
>
>> (1) the degree of fault of the party who altered or destroyed the evidence; (2) the degree of prejudice suffered by the opposing party; and (3) whether there is a lesser sanction that will avoid substantial unfairness to the opposing party and, where the offending party is

> seriously at fault, will serve to deter such conduct by others in the future.

**PTSI, Inc. v. Haley**, 71 A.3d 304, 316 (Pa. Super. 2013).

Trial Court Opinion, 7/10/2014, at 6.

Neither the trial court nor Defendants cite any authority for the proposition that spoliation sanctions must be obtained, *via* prior motion and order, in order for the issue to affect the summary judgment analysis. On the other hand, given the well-established standard for consideration of summary judgment motions, we hold that the open question about spoliation precludes the entry of summary judgment in favor of Defendants.

> Since the early 17th century, courts have admitted evidence tending to show that a party destroyed evidence relevant to the dispute being litigated. Such evidence permitted an inference, the spoliation inference, that the destroyed evidence would have been unfavorable to the position of the offending party. … [T]he evidentiary rationale [for the spoliation inference] is nothing more than the common sense observation that a party who has notice that [evidence] is relevant to litigation and who proceeds to destroy [evidence] is more likely to have been threatened by [that evidence] than is a party in the same position who does not destroy the document.

**Mount Olivet Tabernacle Church v. Edwin L. Wiegand Div.**, 781 A.2d 1263, 1269 (Pa. Super. 2001) (internal citations and quotation marks omitted) (quoting **Schmid v. Milwaukee Elec. Tool Corp.**, 13 F.3d 76, 78-79 (3rd Cir. 1994)). "[T]he spoliation doctrine is broadly applicable to cases where relevant evidence has been lost or destroyed." **Id.** at 1269 (internal quotation marks omitted).

- 9 -

Rodriquez, referencing deposition testimony and exhibits of record, showed that the Mall contracted out housekeeping duties to ESC, whose employees were to perform functions, including sweeping and spot mopping the floors, on an hourly basis. Memorandum of Law in Response to Defendants' Motion for Summary Judgment, 4/28/2014, at 3-4 (pages unnumbered) (citing Exhibits B and C). On a form entitled Sweep Sheet & Spill Log, ESC employees initialed to document the completion of each task, each hour. *Id.* at 4 (citing Exhibit F). Although ESC's representative testified that he collected the forms from the employees each day and sent them to ESC's corporate office each week, the record for the day of the incident is missing. *Id.* at 4-5 (citing Exhibit C).

When considering a motion for summary judgment,

> all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. Only where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to a judgment as a matter of law will summary judgment be entered.

*Hogg Const., Inc. v. Yorktowne Medical Centre, L.P.*, 78 A.3d 1152, 1154 (Pa. Super. 2013) (quoting *Brubacher Excavating, Inc. v. Commerce Bank/Harrisburg, N.A.*, 995 A.2d 362, 365 (Pa. Super. 2010)).

Here, Rodriguez has come forth with evidence that at least casts a doubt as to the existence of a question of material fact. With the open

possibility that the ESC employees failed to check the floors as scheduled prior to Rodriguez's fall, it is not clear that Defendants' are entitled to judgment as a matter of law. *See*, *e.g.*, RESTATEMENT (2d) OF TORTS § 343 cmt. B ("To the invitee the possessor owes not only [the duty to disclose known dangers], but also the additional duty to exercise reasonable affirmative care to see that the premises are safe for the reception of the visitor, or at least to ascertain the condition of the land…."). Accordingly, the trial court erred in granting Defendants' motion for summary judgment on this record.

Order reversed. Case remanded for further proceedings consistent with this opinion. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary


Date: 2/20/2015