J-A33021-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| MADGE AUSTIN | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| WOODWARD PROPERTIES, INC. | : | |
| | : | |
| Appellee | : | No. 427 EDA 2015 |

Appeal from the Judgment Entered January 28, 2015
In the Court of Common Pleas of Philadelphia County
Civil Division at No: August Term, 2013, No. 3481

BEFORE:  FORD ELLIOTT, P.J.E., STABILE, and STRASSBURGER,* JJ.

CONCURRING AND DISSENTING MEMORANDUM BY STRASSBURGER, J.:

**FILED April 21, 2016**

I respectfully concur in part and dissent in part.

In my view, the learned Majority errs in its treatment of Appellant's second issue.[1]  Appellant presented sufficient evidence to create a jury question as to whether Appellee created an unreasonable risk of harm to

---

[1] I agree with the Majority that Appellant's first issue—constructive notice—fails.  The Majority correctly notes that Appellant's case here is much weaker than the two hoary cases where our appellate courts affirmed the grant of nonsuits after the plaintiffs slipped and fell on produce in supermarkets. ***Moultrey v. Great A&P Tea Co.***, 422 A.2d 593 (Pa. Super. 1980), and ***Martino v. Great Atl. & Pac. Tea Co.***, 213 A.2d 608 (Pa. 1965).

However, I disassociate myself from the citations with approval of those cases, as I have numerous times in the past.  ***See Rodriguez v. Kravco Simon Co.***, 111 A.3d 1191, 1193 n.1 (Pa. Super. 2015), and cases cited therein.

* Retired Senior Judge assigned to the Superior Court.

invitees and failed to act reasonably to protect invitees in response to a known danger.

Appellant posited that Appellee, knowing that (1) trash tended to accumulate at times on and about the internal stairway and (2) frequently the elevators in this building did not work, should have provided internal trashcans. The Majority references the testimony of one of Appellee's property managers that having trashcans in the hallways "would be the worse [sic] thing we could do" because "we want the trash outside the building, not inside." Majority Memorandum at 11 (quoting N.T. Trial, 11/12/14, at 90).

This is hardly a self-evident truth. The jury might or might not have believed that internal trashcans could have prevented this accident.

I would thus reverse and remand for a new trial.