J-A03019-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| WELLS FARGO BANK, N.A., AS THE TRUSTEE FOR THE REGISTERED HOLDERS OF THE GE BUSINESS LOAN TRUST CERTIFICATES, SERIES 2005-2 | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| PREMIER HOTELS GROUP, LLC | |
| Appellant | No. 941 MDA 2016 |

Appeal from the Order Entered May 10, 2016
In the Court of Common Pleas of Lackawanna County
Civil Division at No: 2015-05776

BEFORE:  LAZARUS, J., STABILE, J., and DUBOW, J.

MEMORANDUM BY STABILE, J.:                    **FILED JULY 10, 2017**

Appellant, Premier Hotels Group, LLC ("Premier"), appeals from the May 10, 2016 order entered in the Court of Common Pleas of Lackawanna County, granting summary judgment in favor of Appellee, Wells Fargo Bank, N.A., as the Trustee for the registered holders of the GE Business Loan trust Certificates, Series 2005-2 ("Wells Fargo").  For the reasons that follow, we remand for issuance of an opinion in accordance with Pa.R.A.P. 1925(a).

The record reveals that in September 2005 Premier executed a promissory note and mortgage in favor of General Electric Capital Corporation ("GECC") in the amount of $4,400,000.00 for property located at 200 Tigue Street, Dunmore, Pennsylvania ("the Property").  GECC

assigned the mortgage and other loan documents to Wells Fargo by assignment recorded on June 27, 2012.

In its capacity as Trustee, Wells Fargo filed a complaint on September 30, 2015, alleging that Premier was in default under the loan documents; that Premier had sold the Property in response to a foreclosure action initiated by Wells Fargo in federal court and had remitted the proceeds of the sale to Wells Fargo; that the proceeds were insufficient to satisfy the note in full; and that Wells Fargo was entitled to collect from Premier the sum of $1,772,957.37[1] plus interest in the amount of $275.50 per diem from the date of the filing of the complaint. Complaint, 9/30/15, at ¶¶ 6-16. In Count I of the complaint, styled "Breach of Note," Wells Fargo incorporated its allegations of default and asserted it was entitled to recover the amounts due as well as attorney fees and other expenses as agreed upon under the terms of the note. *Id.* at ¶¶ 17-24.

Premier filed its answer and new matter on December 2, 2015. Premier denied it was in default; acknowledged it sold the property and remitted the proceeds in exchange for which the mortgage was released; denied the proceeds were insufficient to satisfy the note in full; and denied any principal, interest, fees or other balance was due to Wells Fargo.

---

[1] The sum claimed consisted of $1,260,246.64 of unpaid principal, $446,174.78 in accrued interest, and $66,535.95 in accrued late fees and return items fees. Complaint, 9/30/15, at ¶ 16.

Answer and New Matter, 12/2/15, at ¶¶ 3-24. Premier also raised several affirmative defenses. *Id.* at ¶¶ 25-41. However, from the record it appears Premier did not endorse its answer and new matter with a notice to plead. Therefore, the pleadings were closed at that time.[2]

On February 12, 2016, before the parties engaged in discovery, Wells Fargo filed a motion for summary judgment and a memorandum in support, contending there was "no genuine issue of material fact as to the enforceability of the Note, [Premier's] breach, and the obligations due the Trustee, nor does [Premier's] Answer raise any issue of material fact." Memorandum in Support of Motion for Summary Judgment, 2/12/16, at 4. Attached to Wells Fargo's motion was an affidavit of Wells Fargo Assistant Vice President Mark Farr ("Farr Affidavit") representing that the relevant electronic loan payment records were voluminous and that Farr based the sums claimed in the complaint on his review of those documents. Farr Affidavit at ¶¶ 41-42. Farr further represented that the summary of amount claimed was "prepared from 'duplicates' (*see* Pa.R.Evid. 1001(e)) of the electronic loan records previously produced in discovery." *Id.* at ¶ 43.[3] He

_____

[2] Wells Fargo did not file a reply to Premier's new matter.

[3] Recognizing the parties to this action did not undertake discovery, we can only surmise that the mention of discovery in the Farr Affidavit was either made in error or was a reference to discovery in a similar action between the parties filed in the United States District Court for the Middle District of
*(Footnote Continued Next Page)*

suggested that "[t]he summary should be admissible as the best evidence thereof pursuant to Pa.R.Evid. 1002[,]" and as relevant under Pa.R.Evid. 402. *Id.* at ¶¶ 43-44.

Premier filed a response to Wells Fargo's motion and a brief in opposition, asserting *inter alia* that the motion for summary judgment was based entirely upon the Farr Affidavit and should fail based upon the ***Nanty-Glo*** rule.[4] Response to Summary Judgment Motion, 3/29/16, at ¶ 1. Further, Premier argued that genuine issues of material fact existed; claimed it had not defaulted under the terms of the note or mortgage; denied it failed to make payments under the note; and contended Wells Fargo failed to substantiate sums it claimed were owed by Premier. ***Id.*** at ¶¶ 4-12.[5]

On May 10, 2016, the trial court signed Wells Fargo's proposed order granting summary judgment and awarding the sums requested in Wells

*(Footnote Continued)* ―――――――――――

Pennsylvania in which that court denied Wells Fargo's motion for summary judgment, concluding there were genuine issues of material fact as to whether Premier defaulted under the mortgage or the note. ***See Wells Fargo Bank, N.A. v. Premier Hotel Group, LLC***, 2015 WL 404549, at *8- *9 (M.D. Pa. January 29, 2015).

[4] ***Borough of Nanty-Glo v. American Surety Co. of New York***, 163 A. 523 (Pa. 1932). "The ***Nanty–Glo*** rule means the party moving for summary judgment may not rely solely upon its own testimonial affidavits or depositions, or those of its witnesses, to establish the non-existence of genuine issues of material fact." ***DeArmitt v. New York Life Insurance Company***, 73 A.3d 578, 595 (Pa. Super. 2013) (internal quotation marks and citation omitted).

[5] We have taken the liberty of correcting the numbering of Premier's "¶ 21" to "¶ 12."

Fargo's complaint. Trial Court Order, 5/10/16, at 1. Premier filed both a motion for reconsideration, which was denied by operation of law for failure of the trial court to address it, and a timely notice of appeal. The trial court did not direct Premier to file a Rule 1925(b) statement of errors complained of on appeal, nor did the trial court issue a Rule 1925(a) opinion or statement in lieu thereof, despite this Court's August 5, 2016 directive to do so on or before August 19, 2016. Letter from Superior Court Deputy Prothonotary, 8/5/16, at 1.

Pennsylvania Rule of Appellate Procedure 1925(a) states, in relevant part, that

> upon receipt of the notice of appeal, the judge who entered the order giving rise to the notice of appeal, if the reasons for the order do not already appear of record, **shall** forthwith file of record at least a brief opinion of the reasons for the order, or for the rulings or other errors complained of, or shall specify in writing the place in the record where such reasons may be found.

Pa.R.A.P. 1925(a) (emphasis added). "The purpose of this rule is to provide the appellate court with a statement of reasons for the order so entered in order to permit effective and meaningful review of the lower court decisions." **Commonwealth v. Hood**, 872 A.2d 175, 178 (Pa. Super. 2005).

Our Supreme Court has explained that:

> [w]hen considering a motion for summary judgment, the trial court must take all facts of record and reasonable inferences therefrom in a light most favorable to the non-moving party. In so doing, the trial court must resolve all doubts as to the

- 5 -

existence of a genuine issue of material fact against the moving party, and, thus, may only grant summary judgment where the right to such judgment is clear and free from all doubt.

*Summers v. Certainteed Corp.*, 997 A.2d 1152, 1159 (Pa. 2010) (internal citations and quotation marks omitted). On appeal from the grant of summary judgment, this Court must "determine whether the trial court abused its discretion or committed an error of law[,] and our scope of review is plenary." *Rodriguez v. Kravco Simon Co.*, 111 A.3d 1191, 1193 (Pa. Super. 2015) (citation omitted). In the absence of any statement of reasons for the trial court's order granting summary judgment, we cannot properly review the trial court's determinations, as we simply cannot guess as to the basis for the trial court's ruling.

Accordingly, we remand this case to the trial court with instructions to file an opinion compliant with Pa.R.A.P. 1925(a) within 30 days of this Memorandum. Upon receipt of the trial court's Rule 1925(a) opinion, the parties may file supplemental briefs with this Court within 30 days of the filing of the trial court's opinion.

Case remanded. Jurisdiction retained.

Judge Dubow joins the memorandum.

Judge Lazarus files a dissenting memorandum.