J-A13029-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| FATIMA BOUKASSI | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WAL-MART STORES, INC. AND WAL-MART STORE #2141 | : | No. 3449 EDA 2018 |

Appeal from the Order Entered November 8, 2018
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s): 170301407

BEFORE: SHOGAN, J., NICHOLS, J., and STRASSBURGER, J.[*]

MEMORANDUM BY NICHOLS, J.: **FILED AUGUST 01, 2019**

Appellant Fatima Boukassi appeals from the order granting the motion for summary judgment filed by Appellees Wal-Mart Stores, Inc. and Wal-Mart Store #2141 and dismissing her premises liability action against Appellees. Appellant argues that the trial court erred in granting summary judgment in favor of Appellees because the determination of constructive notice was a question for the jury. We affirm.

We summarize the relevant background and procedural history as follows. On May 2, 2016, Appellant slipped and fell at Wal-Mart Store #2141. Appellees' Mot. Summ. J., 8/30/18, ¶ 2; Boukassi Dep., 9/14/17, at 10, 16-17. Appellant testified that the store was busy when she arrived. Boukassi

_____

[*] Retired Senior Judge assigned to the Superior Court.

Dep. at 14. Appellant entered through the main entrance, walked straight to the dairy section, picked up some lemonade, and turned around to exit. *Id.* at 15. Walking back down the same aisle she had just come from, Appellant slipped and fell on a spilled substance in the middle of the aisle. *Id.* at 15-17. According to Appellant, the spill was about three inches in diameter, was "liquid, yellowish, like oil maybe[,]" and had no dirt or streak marks in or around it. *Id.* at 17-18.

Appellant was in the store for approximately two minutes before she fell. *Id.* at 16-17. During that time, Appellant did not hear anyone say anything about a spill on the floor. *Id.* at 16. Appellant did not look at the floor or see anything on the floor before she fell. *Id.* at 17. Appellant testified that she did not know where the spill came from. *Id.* at 18. After Appellant fell, two nearby customers went and alerted two Wal-Mart associates, who came to help Appellant. *Id.* at 23-24.

Appellant commenced this civil action by filing a complaint on March 15, 2017. On May 14, 2018, a panel of arbitrators found in favor of Appellees. Appellant timely appealed the arbitrators' findings on May 24, 2018.

On August 30, 2018, Appellees filed a motion for summary judgment, asserting that "[s]ince [Appellant] is unable to establish actual or constructive notice and that [Appellees'] actions fell below the standard of reasonable case, there is no genuine issue of material fact." Appellees' Mot. Summ. J. at ¶ 32. Appellant filed a response alleging, in relevant part, that she was "a business invitee . . . to be afforded the highest level of care," and "there are clear issues

- 2 -

of fact which are only ripe for the finder of fact to determine . . . as to how this accident occurred." Appellant's Resp. to Appellees' Mot. Summ. J., 9/26/18, at 23, 22. The trial court granted Appellees' motion for summary judgment on November 8, 2018.

On November 13, 2018, Appellant filed a motion for reconsideration referencing, in part, Appellees' "Slip, Trip and Fall Guidelines." **See** Appellant Mot. Reconsider., 11/13/18, at ¶ 14. Appellant attached to her motion a copy of the Guidelines, which stated that Wal-Mart employees were expected to "[c]lean up spills, debris and slip and trip hazards immediately" and "[c]omplete safety sweeps on a regular basis to help keep the salesfloor free of slip and trip hazards and falling merchandise." **Id.** at Ex. C. The "Safety Sweeps" section of the policy stated that employees should "[p]erform a visual sweep of the area looking for potential hazards such as . . . spills . . . " and "dust mop or broom sweep high traffic areas." **Id.** at Ex. C. The trial court denied Appellant's motion for reconsideration on November 14, 2018.

On November 15, 2018, Appellant timely filed a notice of appeal and independently submitted a Pa.R.A.P. 1925(b) statement. The trial court subsequently filed a responsive Rule 1925(a) opinion and concluded that Appellant was not entitled to relief.

Appellant raises two questions for our review:

[1]. Did the trial court err as a matter of law in granting the [Appellees]' motion for summary judgment where genuine issues of material fact [exist]?

[2]. Did the trial court err as a matter of law in determining the [Appellees] were entitled to summary judgment as a matter of law, by finding the [Appellees] did not receive proper notice of the defect on their premises?

Appellant's Brief at 4.

We summarize Appellant's claims together as they are interrelated. Appellant argues that in a slip and fall case, the plaintiff is not required to prove the "precise manner in which the tortious condition developed." *Id.* at 14 (citing *Finney v. G.C. Murphy Co.*, 178 A.2d 719, 721 (Pa. 1962)). Appellant notes that circumstantial evidence may support a finding of constructive notice. *Id.* Appellant indicates that factors for assessing constructive notice may include "the number of persons using the premises; the frequency of such use; the nature of the defect; its location on the premises; its probable cause and the opportunity which the defendant had to remedy the defect." *Id.* (citing *Bremer v. W.W. Smith, Inc.*, 191 A. 395 (Pa. Super. 1937)). Appellant contends a question of fact existed based on her evidence showing that the spill originated at Appellees' store, occurred in a busy section of the store, and caused Appellant to fall. *Id.* at 17. Appellant asserts that "it is a question of fact for the jury to decide if a landowner knew, or should have discovered the defect upon reasonable inspection." *Id.* at 13.

Appellant further argues that Appellees failed to exercise reasonable care by deviating from their "Slip, Trip and Fall Guidelines." *Id.* at 15-16. In support, Appellant analogizes the case at hand to *Thakrar v. Wegman's Food Mkt.*, 75 Pa. D&C 4th 437 (C.C.P. Northampton 2004). Appellant

contends that Appellees clearly had a policy in place to perform regular sweeps and inspections of the aisle where Appellant fell, but failed to do so, which permitted the oil-like substance to remain on the floor. *Id.* at 16.

Lastly, Appellant contends that "equitable considerations should allow plaintiff to recover in factual situations . . . [w]here a customer has sustained injuries although neither the customer nor the store has [potentially] behaved negligently." *Id.* at 15 (quoting **Landis v. Giant Eagle, Inc.**, GD91–7779, 142 PLJ 263 (C.C.P. Allegheny 1994) (Strassburger, J.), *aff'd*, 655 A.2d 1052 (Pa. Super. 1994) (unpublished mem.)).

The standards governing our review of a trial court's grant of summary judgment are well settled.

> Our standard of review of an order granting summary judgment requires us to determine whether the trial court abused its discretion or committed an error of law[,] and our scope of review is plenary. We view the record in the light most favorable to the nonmoving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. Only where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to a judgment as a matter of law will summary judgment be entered.
>
> * * *
>
> . . . Where the non-moving party bears the burden of proof on an issue, he may not merely rely on his pleadings or answers in order to survive summary judgment. Further, failure of a nonmoving party to adduce sufficient evidence on an issue essential to his case and on which he bears the burden of proof establishes the entitlement of the moving party to judgment as a matter of law.

*Rodriguez v. Kravco Simon Co.*, 111 A.3d 1191, 1193 (Pa. Super. 2015) (citation omitted); **see also** Pa.R.C.P. 1035.2. "A plaintiff cannot survive

summary judgment when mere speculation would be required for the jury to find in plaintiff's favor." ***Krauss v. Trane U.S. Inc.***, 104 A.3d 556, 568 (Pa. Super. 2014) (citation omitted).

In a premises liability action alleging negligence, a plaintiff must prove four elements to establish negligence by a defendant: (1) a duty or obligation recognized by law; (2) a breach of that duty; (3) a causal connection between the conduct and the resulting injury; and (4) actual damages. ***Toro v. Fitness International LLC.***, 150 A.3d 968, 976-977 (Pa. Super. 2016) (citation omitted).

Both parties agree that Appellant was a business invitee. The Restatement (Second) of Torts § 343 defines the duties owed to an invitee as follows:

> A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he
>
> (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and
>
> (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and
>
> (c) fails to exercise reasonable care to protect them against the danger.

Restatement (Second) of Torts § 343 (Am. Law Inst. 1965); ***see also Porro v. Century III Assocs.***, 846 A.2d 1282, 1285 (Pa. Super. 2004).

This Court has explained that

> the mere existence of a harmful condition in a public place of business, or the mere happening of an accident due to such a

- 6 -

condition is neither, in and of itself, evidence of a breach of the proprietor's duty of care to his invitees, nor raises a presumption of negligence. In order to recover damages in a slip and fall case such as this, the invitee must present evidence which proves that the store owner deviated in some way from his duty of reasonable care under the existing circumstances. This evidence must show that the proprietor knew, or in the exercise of reasonable care should have known, of the existence of the harmful condition. Section 343 also requires the invitee to prove either that the store owner helped to create the harmful condition, or that it had actual or constructive notice of the condition.

**Rodriguez**, 111 A.3d at 1193 (citation omitted).

The parties also agree that there was no evidence that Appellees helped create or had actual notice of the harmful condition. **See** Appellant's Brief at 13; Appellees' Brief at 10. Therefore, the only issue is whether a genuine issue of material fact exists as to whether or not Appellees had constructive notice of the spill on their premises.

This Court has stated:

What will amount to constructive notice of a defective or dangerous condition existing upon a defendant's premises, necessarily varies under the circumstances of each case. Some of the factors affecting the question, in addition to the time elapsing between the origin of the defect and the accident, are the size and physical condition of the premises, the nature of the business conducted thereon, the number of persons using the premises and the frequency of such use, the nature of the defect and its location on the premises, its probable cause and the opportunity which defendant, as a reasonably prudent person, had to remedy it.

**Bremer** 191 A. at 397 (citation omitted).

In **Porro,** this Court held that summary judgment was properly granted when the plaintiff who slipped and fell on the defendant's premises failed to

establish the duration of the spill's existence. *Porro*, 846 A.2d at 1286. This Court explained that when

> the evidence [indicates] that the transitory condition is traceable to persons other than those for whom the owner is, strictly speaking, ordinarily accountable, the jury may not consider the owner's ultimate liability in the absence of other evidence which tends to prove that . . . the condition existed for such a length of time that in the exercise of reasonable care the owner should have known of it.

*Id.* (citation omitted).

In *Toro*, the plaintiff claimed that he slipped and fell on an unusual buildup of soapy, cloudy water in the locker room of the defendant's fitness center. *Toro*, 150 A.3d at 971. The defendant responded that the janitorial staff regularly inspected and maintained the locker room and that there were no reports that the floor of the locker room was wet before the accident. *Id.* The defendant moved for summary judgment, which the trial court granted.

On appeal, the plaintiff argued that the defendant had constructive notice of a buildup of water in the locker room. *Id.* at 977. However, since the plaintiff could not establish how long the floor was wet prior to plaintiff's fall, this Court found that the "[p]laintiff . . . failed to satisfy his burden of proof as to his claims of negligence." *Id.* (citation omitted). This Court explained that "there [was] no evidence that the floor was wet for such a length of time that [d]efendant should have been aware of it, and could be charged with constructive notice." *Id.* (citation omitted).

The **Toro** Court also addressed the plaintiff's argument that "'the condition could have existed for a long period of time'" because the defendant did not maintain accurate inspection of maintenance logs. **Id.** The Court found that argument unconvincing as it was "based on mere speculation." **Id.** (citing **Krauss**, 104 A.2d at 568). **But see Rodriguez**, 111 A.3d at 1196-97 (holding that an open issue of spoliation based on the absence of a maintenance log for the date of the accident precluded entry of summary judgment in favor of the defendant, where the plaintiff presented evidence that maintenance contractors were responsible for sweeping and spot mopping the floors on an hourly basis).

Here, as in **Toro**, the record in this case contained no evidence to indicate the period of time that the spill existed. Appellant's deposition testimony offered no indication of when the spill occurred. Appellant did not hear anyone, including Appellees' employees, say anything about a spill on the floor. Boukassi Dep. at 16. Appellant did not notice the spill herself when she safely walked down the aisle the first time. **Id.** at 15. Appellant also testified that when returning down the same aisle, the spill had no dirt or streak marks in or around it. **Id.** at 18.

Therefore, we agree with the trial court that Appellant's evidence did not raise a genuine issue of material fact. **See Toro**, 150 A.3d at 977. As the trial court observed, Appellant could not rely on mere speculation that the spill existed for a sufficient period to establish constructive notice. Trial Ct. Op., 12/12/18, at 4.

To the extent Appellant refers to Appellees' policy for cleaning up spills, we initially note that Appellant's response to Appellees' motion for summary judgment made no reference to the "Slip, Trip and Fall Guidelines." **See** Appellant's Resp. to Appellees' Mot. Summ. J. Rather, Appellant first cited the policy in its motion for reconsideration. **See** Appellant's Mot. Reconsider at 14. Appellant's failure to raise this evidence in its response may be construed as waiver of her argument based on the policy. **See Rabatin v. Allied Glove Corp.**, 24 A.3d 388, 391 (Pa. Super. 2011) (noting that an issue that was raised for the first time in a motion for reconsideration could not be considered by this Court on appeal).

In any event, Appellant's reference to the existence of the "Slip, Trip and Fall Guidelines" does not raise an issue of fact that precluded the entry of summary judgment in favor of Appellees. As stated above, the record lacked any evidence to show how long the spill was in existence. Without further circumstantial evidence to infer that Appellees' employees deviated from the Guidelines, the mere existence of the spill did not establish a breach of Appellees' standard of care. **See Toro**, 150 A.3d at 977-978; **cf. Rodriguez**, 111 A.3d at 1193; **Thakrar**, 75 Pa. D&C 4th at 442-43.

Lastly, we acknowledge Appellant's reference to the equitable and policy considerations as stated by Judge Strassburger. **See** Appellant's Brief at 15 (quoting **Landis**); **see also Rodriguez** 111 A.3d at 1193 n.1 (indicating, in a special concurrence, the author's decades-long "disagreement with Pennsylvania law in this area"). We further acknowledge that reasonable

minds may disagree as to the equity and policy implications of the theory that as "[b]etween these two [potentially] innocent parties, fairness should require the store to pay as a cost of operating its business." *See Goodman v. Chester Downs and Marina, LLC*, 39 A.3d 371, 372 (Pa. Super. 2012) (*per curiam*) (Strassburger, J. concurring).  However, as we find no legal or factual distinction between this case and *Toro*, we are constrained to conclude that Appellant's equitable argument merits no relief consistent with the established case law as applied to the circumstances of this case.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/1/19

- 11 -