**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-3313
_____

ARTHUR PACE, JR.,
Appellant

v.

WAL-MART STORES EAST, LP

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(No. 2-17-cv-01829)
District Judge: Honorable Michael M. Baylson
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
June 27, 2019
_____

Before: CHAGARES, GREENAWAY, JR., and GREENBERG, Circuit Judges.

(Filed: January 28, 2020)

_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

CHAGARES, Circuit Judge.

Plaintiff Arthur Pace instituted this slip and fall negligence lawsuit against Wal-Mart Stores East, L.P. ("Wal-Mart"), and the District Court granted Wal-Mart summary judgment. The District Court found that Pace failed to present any evidence that Wal-Mart had notice of the liquid on the floor that allegedly caused Pace to slip, fall, and injure himself. Because either actual or constructive notice of the relevant hazard is an essential element of slip-and-fall premises liability under Pennsylvania law, the District Court concluded that summary judgment was appropriate. For the following reasons, we will affirm.

I.

We write for the parties and so recount only the facts necessary to our decision. Our recitation of facts is construed in the light most favorable to Pace. On August 23, 2019, Pace was shopping at a Wal-Mart in Willow Grove, Pennsylvania. In the produce section, Pace slipped and fell due to a liquid substance on the floor, which Pace says may have come from grapes. Pace acknowledges that he does not know how the liquid came to be on the floor or how long it was there before he fell. After the incident, Pace suffered persistent pain in his back and right knee, and he eventually underwent a total right knee replacement.

Pace brought suit in the Court of Common Pleas for Philadelphia County in early 2017. Wal-Mart subsequently removed the case to federal court. Prior to filing his suit, Pace's counsel sent a letter to Wal-Mart requesting that it retain (among other items) six

2

hours of pre-incident and three hours of post-incident surveillance video footage of the area where Pace fell.

During discovery, Wal-Mart's Asset Protection Associate, Fabian Wright, testified in his deposition that he maintains the Willow Grove Wal-Mart store's video surveillance records. He also testified that no video recordings had captured Pace's accident and that no recordings related to Pace's fall had been destroyed. According to Wright, Pace fell in a "blind spot" in the produce section that was not covered by the store's surveillance cameras. Appendix ("App.") 402. Pace filed a motion to compel Wal-Mart to create and produce a map of the surveillance system's blind spots in the produce section.

The manager of the Willow Grove Wal-Mart, Ikeem Shaw, testified in his deposition that he was "not . . . certain" if there was any area in the produce section not covered by at least one security camera and that he had never looked at the cameras to determine if there is, in fact, an area that is not covered. Supp. App. 574–75. Wal-Mart's corporate designee, Yvette Lomax, testified in her deposition about Wal-Mart's policies for ensuring that the floors are clear of spills or debris. Lomax stated that employees conduct "safety sweeps" throughout the day as needed but that Wal-Mart does not document when they occur. App. 203–05.

The District Court heard oral argument on the motion for summary judgment on July 11, 2018. As a result of that hearing, Pace filed the motion to compel Wal-Mart to produce the surveillance camera map, and Wal-Mart filed a motion for protective order asking the court to limit discovery to existing surveillance video footage. On August 23, 2018, the District Court heard additional oral argument on the motion for summary

3

judgment as well as argument on the motion to compel and the motion for protective order. On September 18, 2018, the District Court granted Wal-Mart's motion for summary judgment, denied Pace's motion to compel, and denied as moot Wal-Mart's motion for protective order. The District Court concluded that Pace failed to present any evidence that Wal-Mart had either actual or constructive notice of the hazardous condition, which is a threshold requirement for slip-and-fall premises liability based on negligence. In ruling on the motion for summary judgment, the District Court rejected Pace's allegation that Wal-Mart committed spoliation of evidence because Pace failed to make any showing that Wal-Mart actually withheld or destroyed any evidence. Pace timely appealed.

## II.

The District Court had diversity jurisdiction pursuant to 28 U.S.C. § 1332, and we have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over the District Court's grant of summary judgment. Budhun v. Reading Hosp. & Med. Ctr., 765 F.3d 245, 251 (3d Cir. 2014). "Summary judgment is appropriate only if there 'is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" Id. (quoting Fed. R. Civ. P. 56(a)). "We view the facts in the light most favorable to the non-moving party." Id. However, we review the District Court's refusal to find spoliation of evidence for abuse of discretion. In re Hechinger Inv. Co. of Del., Inc., 489 F.3d 568, 574 (3d Cir. 2007).

4

## III.

Under Pennsylvania law, "[w]ith respect to conditions on the land which are known to or discoverable by the possessor, the possessor is subject to liability only if [it],

> (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitee, and
> (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and
> (c) fails to exercise reasonable care to protect them against the danger.

Carrender v. Fitterer, 469 A.2d 120, 123 (Pa. 1983) (adopting the test from Restatement (Second) of Torts § 343 (1965)). In a slip-and-fall premises liability action, the plaintiff "must show that the proprietor knew . . . of the existence of the harmful condition." Rodriguez v. Kravco Simon Co., 111 A.3d 1191, 1193 (Pa. Super. Ct. 2015) (quoting Zito v. Merit Outlet Stores, 647 A.2d 573, 575 (Pa. Super. Ct. 1994)). "To establish notice, an 'invitee must prove either the proprietor . . . had a hand in creating the harmful condition, or . . . had actual or constructive notice of such condition.'" Estate of Swift v. Ne. Hosp. of Phila., 690 A.2d 719, 722 (Pa. Super. Ct. 1997).

Pace does not argue that Wal-Mart had actual notice of the liquid that caused him to slip and fall. Instead, Pace relies on establishing constructive notice. He alleges that the District Court erred in granting summary judgment because (1) Wal-Mart suppressed, or "spoliated," video evidence of his accident that would have established whether it knew, or should have known, about the hazard that caused his fall, and (2) the weight of the rest of the evidence creates a dispute of material fact as to whether Wal-Mart knew, or should have known, about the hazard.

5

A.

Pace first argues that Wal-Mart destroyed or suppressed surveillance video footage that captured his fall. He claims that this missing video footage would have established that Wal-Mart created or knew about the liquid on the floor, and he contends that the District Court abused its discretion in not finding spoliation and submitting the issue to a jury with an adverse inference instruction. According to Pace, a proper finding regarding spoliation would have created a dispute of material fact precluding summary judgment.

"Spoliation [of evidence] occurs where: the evidence was in [one] party's control; the evidence is relevant to the claims or defenses in the case; there has been actual suppression or withholding of evidence; and, the duty to preserve the evidence was reasonably foreseeable to th[at] party." Bull v. United Parcel Serv., Inc., 665 F.3d 68, 73 (3d Cir. 2012) (citing Brewer v. Quaker State Oil Ref. Corp., 72 F.3d 326, 334 (3d Cir. 1995)). When a certain article is "relevant to an issue in a case, the trier of fact generally may receive the fact of the [article's] nonproduction or destruction as evidence that the party that has prevented production did so out of the well-founded fear that the contents would harm him." Brewer, 72 F.3d at 334 (citations omitted). But "[n]o unfavorable inference arises when the circumstances indicate that the document or article in question has been lost or accidentally destroyed, or where the failure to produce it is otherwise properly accounted for." Id.

The District Court did not abuse its discretion in refusing to find spoliation here because Pace cannot show that the alleged video evidence even existed in the first place, much less that it was actually suppressed, withheld, or destroyed. See id.; Bull, 665 F.3d

6

at 73.[1]   Therefore, Pace cannot rely on his allegation of suppressed video evidence to create a dispute of material fact that would defeat Wal-Mart's motion for summary judgment.

B.

Pace's argument that other evidence in the record precludes summary judgment falls flat.  Other than claiming that he is entitled to an evidentiary inference based on spoliation, Pace presents no record evidence showing that Wal-Mart either created, or had constructive notice of, the liquid on the floor that caused his accident.  Pace lacks any evidence of how, why, or for how long the liquid that caused his fall was on the floor.  Pace admits to not knowing how long it had been on the floor or how it got there.  Wal-Mart produced video footage of the produce section at the time of the accident, but that footage did not show Pace's fall.  Wright testified that the fall occurred in a "blind spot"

---

[1]  In his June 19, 2019 motion for leave to file a supplemental appendix, Pace cites to Marshall v. Brown's IA, LLC, 213 A.3d 263, 266 (Pa. Super. Ct. 2019), reargument denied (Aug. 21, 2019), to support his spoliation argument.  In that case, the intermediate state appellate court ruled that the trial court should have given the jury an adverse inference instruction based on the defendant's retaining and producing only "a small fraction of the requested video" showing the scene of a slip-and-fall before and after the accident.  Id. at 272–73.  While facially similar, Marshall is inapposite.  First, whether a litigant is entitled to an adverse inference based on spoliation is a procedural question governed by federal law in diversity cases, so Pennsylvania state court decisions on the issue are merely persuasive.  Cf. In re Paoli R.R. Yard PCB Litig., 35 F.3d 717, 760 n. 31 (3d Cir. 1994) (declining to apply state procedural law reasoning that "Pennsylvania substantive law does not change the federal standard for the admissibility of expert testimony"); Salas by Salas v. Wang, 846 F.2d 897, 905–06 (3d Cir. 1988) (noting that we are "bound to apply the federal rules so long as they can rationally be viewed as procedural").  Second, in Marshall the video surveillance system actually captured the plaintiff's accident, so the defendant's failure to retain and produce video evidence created a stronger case for finding spoliation.

7

in the store. Shaw could not speak to whether surveillance video could have captured the fall, and Lomax acknowledged that there was no way of knowing how long before Pace's fall the last employee "safety sweep" would have, or should have, occurred. Presented with nothing to establish that Wal-Mart either created the hazard or had constructive notice of it, the District Court properly granted Wal-Mart's motion for summary judgment.

IV.

For the foregoing reasons, we will affirm the judgment of the District Court.