J-A15001-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| JENNIFER AND DON MILES | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellants | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SHADY MAPLE FARM MARKET, | : | No. 1507 MDA 2024 |
| INC.AND JOHN DOE COMPANY 1, | : | |
| AND JOHN DOE COMPANY 2 | : | |

Appeal from the Order Entered September 25, 2024
In the Court of Common Pleas of Lancaster County Civil Division at
No(s): CI-22-06487

BEFORE: BOWES, J., STABILE, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY BOWES, J.:                    **FILED: OCTOBER 2, 2025**

Jennifer and Don Miles (collectively, "Plaintiffs") appeal from the order granting summary judgment in favor of Shady Maple Farm Market, Inc. ("Shady Maple"), the defendant in the slip-and-fall action below.[1] We affirm.

In the underlying matter, Ms. Miles claimed that while she was walking in the self-checkout area at Shady Maple on November 18, 2021, she slipped

_____

[*] Former Justice specially assigned to the Superior Court.

[1] The parties subsequently stipulated to a discontinuance of the matter as to John Doe Companies 1 and 2, **see** Stipulation, 11/22/24, thereby perfecting the instant appeal. **See** Pa.R.A.P. 905(a)(5) ("A notice of appeal filed after the announcement of a determination but before the entry of an appealable order shall be treated as filed after such entry and on the day thereof.").

and fell on a substance later confirmed to be guacamole.[2]  Plaintiffs filed a negligence complaint against Shady Maple on October 20, 2022.  Shady Maple submitted an answer and new matter, and Plaintiffs responded.

Discovery occurred between December 2022 and March 2023, with Shady Maple turning over video surveillance from three cameras of the minutes surrounding the incident.[3]  Of particular concern in this matter was the timing between when the guacamole appeared on the floor and when Ms. Miles slipped on it.  The docket remained largely silent until August 26, 2024, when Shady Maple tendered the instant motion for summary judgment.  Plaintiffs replied and then sought additional surveillance video of the two hours preceding the fall.  Shady Maple responded that it was not in possession of such videographic evidence.[4]  Five days thereafter, the court entered an order granting summary judgment in favor of Shady Maple.

---

[2] Specifically, Ms. Miles averred that she suffered, *inter alia*, severe contusions on her entire body and multiple injuries to her hamstring, which hindered her ability to walk and required surgery.

[3] Due to the proprietary nature of the files, we were unable to view the videos. However, there is no dispute that they covered a short time span and did not capture the origin of the guacamole spill.  Therefore, our inability to watch the videos has not hampered our review of this appeal.

[4] We glean the parameters of this exchange from Shady Maple's reproduced record because the pertinent documents are not in the certified record. Plaintiffs indicated in their brief that Shady Maple also turned over video evidence before the court ruled on the motion, **see** Plaintiffs' brief at 6, but Shady Maple "emphatically denie[d]" supplying new footage in September 2023.  **See** Shady Maple's brief at 14.  The only video evidence included in the certified record is attached to Plaintiffs' response to the motion for
*(Footnote Continued Next Page)*

This appeal followed. Plaintiffs complied with the court's order to submit a Pa.R.A.P. 1925(b) concise statement,[5] and the court authored a responsive opinion. In their brief, Plaintiffs ask us to consider two questions:

1. Is a motion for summary judgment premature when there remained ongoing discovery, including documents and other materials produced by [Shady Maple fourteen] days after Plaintiffs' response was filed?

2. Should summary judgment be denied when there are disputed issues of material facts such that reasonable people could disagree whether the dangerous condition was so obvious that both the condition and this risk would have been apparent to and recognized by a reasonable person?

Plaintiffs' brief at 4 (some capitalization altered).

Our standard of review in appeals from orders granting summary judgment is well-settled:

> Summary judgment may only be granted where the record shows that there exist no genuine issues of material fact, and the moving party is entitled to judgment as a matter of law. In determining whether summary judgment is proper, a court must view all evidence in the light most favorable to the non-moving party and resolve all doubts about the existence of a material fact against the moving party. An appellate court may reverse a grant of summary judgment if there has been an error of law or an abuse of discretion. A determination of whether there are no genuine issues as to any material fact presents a question of law, and therefore, on that question our standard of review is *de novo*.

_____

summary judgment, which, as noted, we were unable to open. The record does not indicate that Shady Maple provided additional surveillance footage after it filed the motion for summary judgment.

[5] We remind the trial court that its Rule 1925(b) orders must include, *inter alia*, "both the place the appellant can serve the Statement in person and the address to which the appellant can mail the Statement." Pa.R.A.P. 1925(b)(3)(iii).

***Constantine v. Lenox Instrument Co., Inc.***, 323 A.3d 1281, 1287 (Pa.Super. 2024) (cleaned up). Summary judgment motions are governed by Pa.R.Civ.P. 1035.2, which provides:

> After the relevant pleadings are closed, but within such time as not to unreasonably delay trial, any party may move for summary judgment in whole or in part as a matter of law
>
> > (1) whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report, or
> >
> > (2) if, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury.

Pa.R.Civ.P. 1035.2.

Plaintiffs first allege that the trial court erred in failing to reconsider its ruling after Plaintiffs received additional discovery responses from Shady Maple, which purportedly indicated spoliation of surveillance videos while the summary judgment motion remained outstanding. ***See*** Plaintiffs' brief at 20. They maintain that the court's order granting summary judgment was premature because discovery remained ongoing, and the court should have revisited its ruling upon becoming aware of same. ***Id***. at 16, 20.

When summary judgment is sought during the pendency of discovery, the following principles govern:

> Although parties must be given reasonable time to complete discovery before a trial court entertains any motion for summary

judgment, the party seeking discovery is under an obligation to seek discovery in a timely fashion. Where ample time for discovery has passed, the party seeking discovery (and opposing summary judgment) is under an obligation to show that the information sought was material to their case and that they proceeded with due diligence in their attempt to extend the discovery period.

**Reeves v. Middletown Athletic Ass'n**, 866 A.2d 1115, 1124 (Pa.Super. 2004) (cleaned up).

Here, the trial court surmised that Plaintiffs "seem[ed] to presuppose that they should have been allowed unlimited discovery prior to the trial court being allowed to rule on [Shady Maple's] summary judgment motion." Trial Court Opinion, 11/22/24, at 4 (cleaned up). It observed, however, that "summary judgment may be entered prior to the completion of discovery in matters where additional discovery would not aid in the establishment of any material fact." **Id**. (cleaned up, citing Pa.R.Civ.P. 1035.2(1)). The trial court determined that substantial discovery had already occurred, and more "discovery would not aid in the establishment of the material fact of when the defect occurred on the premises." **Id**. Thus, it concluded that it did not err in declining to reconsider its decision.[6]

---

[6] Initially, the court opined that Plaintiffs waived this issue because they did not raise ongoing discovery as a basis for objecting to summary judgment. **See** Trial Court Opinion, 11/22/24, at 3. Moreover, it found that Plaintiffs "failed to supplement the record or notify the court of any need for additional discovery" in the five days between their receipt of the response from Shady Maple and the order granting the motion for summary judgment. **Id**. We decline to find waiver as it is clear from Plaintiffs' response that they opposed the motion, in part, because they alleged discovery was still ongoing. **See**, **e.g.**, Plaintiffs' Answer, 9/5/24, at ¶ 16 (noting that "discovery is not closed").

By our calculation, nearly two years had elapsed from Plaintiffs' initiation of this lawsuit to Shady Maple's filing of the motion *sub judice*. Further, the discovery process ended in early 2023, with Shady Maple supplying requested discovery to Plaintiffs in March of that year, including the surveillance footage it possessed. Thus, discovery had been complete for well over a year by the time Shady Maple moved for summary judgment in August of 2024. The next month, Plaintiffs sent a second request for documents, seeking two hours of surveillance video preceding the incident. As noted, Shady Maple replied that it did not have any such footage.

Clearly, ample time had passed for the discovery phase of these proceedings, and Plaintiffs did not establish a need to prolong discovery before the court ruled on Shady Maple's motion. ***See Reeves***, 866 A.2d at 1124 (deeming discovery complete where seven months elapsed from the exchange of discovery and the filing of the summary judgment motion, and that bald assertions of the materiality of the information sought was inadequate to determine that the trial court abused its discretion in declining to extend discovery before deciding the motion for summary judgment). Therefore, we discern no error in the court's decision to rule on the motion for summary judgment when it did, and in declining to revisit that decision thereafter.

Next, Plaintiffs allege that the court erred in entering summary judgment because "[i]n a slip and fall case, if there is evidence suggesting that a hazardous condition existed . . . and that the property owner failed to address it, this creates a genuine issue of material fact." Plaintiffs' brief at

27. They maintain that the accident happened in a busy part of the store after the busiest time of day, and that Shady Maple failed to properly monitor the area. *Id*. at 29. Accordingly, "it would be reasonable for a jury to conclude that the store was negligent in failing to supervise the area properly, and, as a result, the defect went undetected." *Id*.

Shady Maple, meanwhile, argues that the court appropriately entered summary judgment in its favor because Plaintiffs did not establish a *prima facie* case of negligence. **See** Shady Maple's brief at 10. Specifically, it avers that Plaintiffs did not prove "that Shady Maple created this condition, or that Shady Maple had either actual or constructive notice that the condition existed." *Id*. Thus, it insists that there was no issue of material fact for the jury to determine. *Id*.

> A negligence cause of action has four elements:
>
> (1) a duty or obligation recognized by the law that requires an actor to conform his actions to a standard of conduct for the protection of others against unreasonable risks; (2) failure on the part of the defendant to conform to that standard of conduct, *i.e.*, a breach of duty; (3) a reasonably close causal connection between the breach of duty and the injury sustained; and (4) actual loss or damages that result from the breach.

**Constantine**, 325 A.3d at 737–38 (cleaned up). As a customer, Ms. Miles was a business invitee and thus was owed the following duty of care by Shady Maple:

> A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he

(a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and

(b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and

(c) fails to exercise reasonable care to protect them against the danger.

Restatement (Second) of Torts § 343. We have explained:

[T]he mere existence of a harmful condition in a public place of business, or the mere happening of an accident due to such a condition is neither, in and of itself, evidence of a breach of the proprietor's duty of care to his invitees, nor raises a presumption of negligence. In order to recover damages in a slip and fall case such as this, the invitee must present evidence which proves that the store owner deviated in some way from his duty of reasonable care under the existing circumstances. This evidence must show that the proprietor knew, or in the exercise of reasonable care should have known, of the existence of the harmful condition. Section 343 also requires the invitee to prove either that the store owner helped to create the harmful condition, or that it had actual or constructive notice of the condition.

***Rodriguez v. Kravco Simon Co.***, 111 A.3d 1191, 1193 (Pa.Super. 2015) (cleaned up). While a store owner owes a high duty of care to a customer, the owner is not obligated "to leap in and save him should some unexpected danger present itself." ***Id***. at 1195.

Here, the trial court granted summary judgment in favor of Shady Maple based upon the following assessment of the case:

[Ms. Miles] slipped on guacamole while walking towards the cash registers of [Shady Maple]'s store following the store's busiest time of day. However, [she] offers no evidence as to how the guacamole got on the floor and, therefore, the court cannot permit a jury to speculate that it got there through the direct negligence of [Shady Maple]. Even if the speculation was permitted or that

- 8 -

the guacamole was spilled by a customer, there is nothing in the evidence as to how long it remained on the floor prior to the accident occurring.  In fact, [Ms. Miles] had already completed her transaction at the registers and was standing nearby, waiting for her mother to approach the registers.  During this time, she was attentive to her surroundings and did not observe any guacamole on the floor at the point of her checkout.  This detail is significant as it indicates that [Ms. Miles] was actively engaged in the shopping experience and had a clear opportunity to notice any potential hazards, such as spills, in the vicinity of the checkout area.  Her failure to see any guacamole at that moment raises questions about the presence of the substance on the floor prior to her slip.  Furthermore, it underscores the lack of constructive notice on the part of [Shady Maple], as it suggests that if the guacamole had been present, it was either recently spilled or otherwise not in a condition that would have been easily identifiable to patrons navigating the store.  This information is critical in assessing whether [Shady Maple] could have reasonably been expected to rectify any hazardous conditions before the incident occurred.

Furthermore, Plaintiff[s] ha[ve] not presented a question of fact thorough [*sic*] witnesses who observed the guacamole prior to her accident, which undermines her ability to establish a causal link between the alleged negligence of [Shady Maple] and her injury.  While [Ms. Miles] contends that [Shady Maple] had an obligation to inspect the premises, she concedes that the incident occurred during or around the store's busiest hours.  The store's expansive 70,000 square-foot layout further complicates the expectation of continuous visual inspections.  This court cannot uphold a standard that requires constant monitoring of every inch of a retail space.  Absent evidence that [Shady Maple] caused the spill, had knowledge of it, or that it existed for a prolonged period, the Plaintiff[s'] negligence claim cannot be sustained.  Accordingly, [Shady Maple]'s motion for summary judgment is granted.

Order, 9/24/24, at 1-2 n.1 (some capitalization altered).

Summed up in its Rule 1925(a) opinion, the court observed that Ms.

Miles's deposition testimony "strongly suggests that the spill was either recent

or not visibly hazardous, which undermines the argument for constructive

notice.  Without evidence to establish that the hazard was present for a sufficient amount of time to allow [Shady Maple] to discover and address it, [she] cannot sustain her claim."  Trial Court Opinion, 11/22/24, at 6.

Upon review, we agree with the trial court.  Since any determination as to how long the guacamole had been on the floor before Ms. Miles fell would be pure speculation, the jury would be unable to ascertain whether Shady Maple had constructive notice of the guacamole such that it failed to fulfill its duty of care to Ms. Miles.  **_See Rodriguez_**, 111 A.3d at 1194 ("Without evidence of how long it takes the liquid in question to become sticky or dry, the jury would be unable to determine whether the spill was present for a sufficiently long time to warrant a finding of constructive notice.").  Accordingly, the court did not err in granting summary judgment in favor of Shady Maple, and we affirm that order.

Order affirmed.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary


Date: 10/02/2025