**Tondalaya GOODMAN, Appellant**

v.

**CHESTER DOWNS AND MARINA, LLC, d/b/a Harrah's Chester Casino & Racetrack, Appellee.**

No. 861 EDA 2011.

Superior Court of Pennsylvania.

Argued Jan. 11, 2012.

Filed Feb. 10, 2012.

Marc F. Greenfield, Philadelphia, for appellant.

Robert W. Shaw, III, Philadelphia, for appellee.

BEFORE; PANELLA, LAZARUS, and STRASSBURGER *, JJ.

PER CURIAM:

Order reversed. Case remanded in accordance with the dictates of this decision. Jurisdiction relinquished.

Judge STRASSBURGER files a Concurring Opinion.

CONCURRING OPINION BY STRASSBURGER, J.

I join the Majority memorandum.

I write separately to point out my disagreement with Pennsylvania slip and fall law.

Here, Goodman allegedly sustained serious injuries to her left knee after she slipped and fell on an unidentified liquid in front of Appellee's Winning Streak restaurant on September 21, 2008, at approximately 2:00 in the afternoon. To succeed in this premises liability action, Goodman will have to prove that the defective condition on the floor of the premises was the result of the direct negligence of a Chester Downs employee or that Chester Downs had sufficient constructive notice of the defect to have enabled it to correct that defect. *Lanni v. Penna. R.R. Co.*, 371 Pa. 106, 88 A.2d 887 (1952).

> As [I have] opined in the past, see [*Landis v. Giant Eagle, Inc.*, GD 91–7779, 142 PLJ 263 (1994) aff'd 440 Pa.Super. 658, 655 A.2d 1052 (1994) (unpublished memorandum)], equitable considerations should allow a plaintiff to recover under factual situations such as this.

> Where a customer has sustained injuries although neither the customer nor the store has [potentially] behaved negligently, it would be more fair to hold the store responsible than to place the risk on the consumer. Accidents such as these are foreseeable risks of conducting this type of business, and commercial businesses are in a far better financial position to absorb the cost by spreading the risk among thousands of customers. Between these two [potentially] innocent parties, fairness should require the store to pay as a cost of operating its business.

*Duff v. Wal–Mart Stores, Inc.*, 2002 WL 34098113 (Pa.Com.Pl.2002) aff'd 828 A.2d 405 (Pa.Super.2003) (unpublished memorandum).