J-A22005-19

2019 PA Super 304

PATRICK PEARSON,                          :    IN THE SUPERIOR COURT OF
                                          :           PENNSYLVANIA
              Appellee                    :
                                          :
       v.                                 :
                                          :
PHILADELPHIA EAGLES, LLC,                 :
EAGLES STADIUM OPERATOR LLC,              :
AND EXECUTIVE SERVICES                    :
MANAGEMENT INC.,                          :
                                          :
              Appellants                  :    No. 3053 EDA 2018

Appeal from the Judgment Entered October 4, 2018
in the Court of Common Pleas of Philadelphia County
Civil Division at No(s): 2016-0800243

BEFORE:  MURRAY, J., STRASSBURGER, J.* and PELLEGRINI, J.*

CONCURRING OPINION BY STRASSBURGER, J.:  **FILED OCTOBER 11, 2019**

I join the erudite Majority because it accurately sets forth Pennsylvania law.  I write separately to reiterate what I have noted for 25 years: Pennsylvania law in the area of premises liability is fundamentally unfair to injured customers.  I continue to believe that "[b]etween these two [potentially] innocent parties, fairness should require [the business] to pay as a cost of operating its business." ***Rodriguez v. Kravco Simon Co.***, 111 A.3d 1191, 1193 n.1 (Pa. Super. 2015) (Strassburger, J. specially concurring), *citing* ***Goodman v. Chester Downs and Marina, LLC***, 39 A.3d 371, 372 (Pa. Super. 2012) (Strassburger, J. concurring), ***Duff v. Wal-Mart Stores, Inc.***, GD-01-13235, 2002 WL 34098113 (Pa. Com. Pl. 2002), *aff'd* 828 A.2d 405 (Pa. Super. 2003) (unpublished memorandum), ***Landis v. Giant Eagle, Inc.***,

* Retired Senior Judge assigned to the Superior Court.

J-A22005-19

GD 91-7779, 142 P.L.J. 263 (Pa. Com. Pl. 1994), *aff'd*, 655 A.2d 1052 (Pa. Super. 1994) (unpublished memorandum); **but see Boukassi v. Wal-Mart Stores, Inc.**, 2019 WL 3500521 at *5 (Pa. Super. 2019) (unpublished memorandum) (acknowledging and citing my equitable and policy consideration beliefs, but stating "we are constrained to conclude that [Boukassi's] equitable argument merits no relief consistent with the established case law as applied to the circumstances of this case"); Pa.R.A.P. 126(b).

> As I have asserted,
>
> equitable considerations should allow a plaintiff to recover under factual situations such as this. Where a customer has sustained injuries although neither the customer nor the [business] has behaved negligently, it would be more fair to hold the [business] responsible than to place the risk on the consumer. [Injuries] such as these are foreseeable risks of conducting this type of business, and commercial businesses are in a far better financial position to absorb the cost by spreading the risk among thousands of customers.

**Goodman**, 39 A.3d at 372, *quoting* **Duffy**, **supra**. The same equitable and policy considerations apply to the instant case.

Judge Pellegrini joins this concurring opinion.